## LOCKWOOD v. LOCKWOOD.

COSTS—APPEAL.—In an action to marshal assets and prove claims, and order directing master to sell lands and pay proceeds, less master's fees and expenses of sale, to executrix, she claiming that master retained more than permissible under the order, it is proper for Court to continue application for order requiring master to pay balance to executrix until costs are adjusted; and such order does not conflict with the order directing disposition of proceeds of sale.

Before PURDY, J., Beaufort, January, 1904.   Affirmed.

Application by Laura M. Lockwood, in Lockwood *v.* Lockwood, for order requiring master to pay balance proceeds of sale to her.   From order continuing motion, movant appeals.

*Mr. George Galletly,* for appellant, cites: *Costs due master:* Code of 1902, 3097, 3113; 16 S. C., 362; 53 S. C., 387.

*Mr. Thos. Talbird,* contra, cites: *No appeal lies from order of continuance:* 42 S. C., 205; 33 S. C., 333.

November 15, 1905.   The opinion of the Court was delivered by

MR. JUSTICE JONES.   The plaintiff, as executrix of the will of William H. Lockwood, deceased, brought this action for the purpose of marshaling the assets of the estate of said deceased, calling in creditors, and winding up said estate under the direction of the Court.   Judge Townsend referred the cause to the master of Beaufort County to take proof of claims against said estate and report the same to the Court, requiring creditors to establish their claims in this action and restraining them from otherwise enforcing their claims. Under this order, it appears that 208 claims of creditors, aggregating about $50,000, were established before the master.   On January 8, 1903, Judge Ernest Gary made a

decree in the case ordering the master to sell the land of the estate, the order further containing this direction: "That out of the moneys arising from such sale, after deducting the amount of his fees and expenses on such sale, the master pay the same to the plaintiff, Laura M. Lockwood, as executrix of William H. Lockwood, deceased." Under this decree, the master sold the real estate in February, 1903, for $11,025, and out of this sum paid over to the plaintiff, executrix, $10,000, retaining the balance in his hands for costs and expenses. The plaintiff, claiming that the master was only entitled to retain in his hands "as fees and expenses on said sale" the sum of $158.25, filed her petition asking the Court to require the master to pay over to her the sum of $866.75, and upon this petition Judge Purdy issued a rule requiring the master to show cause why he should not be ordered to pay over the said sum. The master made return claiming that he had paid out, as clerk's costs, $17.75; master's commissions, $168.37; advertising, $2.00; stamps, stationery, etc., $18; printer's bill, $53.10, and further, that he had held 209 references in the case, for which he claimed at least $740, which would leave on his hands $25.78, which he retained to cover any future costs that might arise. Plaintiff's counsel made affidavit to the effect that there has never been a reference in the cause, and no testimony had been taken or argument had; that if any testimony had been taken, it had been done without the knowledge of or notice to plaintiff's counsel, that 208 claims were filed with the master, with the usual proof necessary before the same could be filed. Judge Purdy thereupon made the following order:

"With the costs to which the master may be entitled, unadjusted, I think it proper that the hearing of the rule should be continued until the adjustment of the matter of costs, and it is so ordered. Let the master, in the meantime, hold all the funds in his hands, subject to the order of this Court."

From this order, plaintiff appeals, alleging error in not making the rule absolute; in continuing the hearing of the rule until the adjustment of the matter of costs; in directing

the master to hold said funds, in the meantime, in conflict with the previous decree of Judge Gary, directing the money to be paid over to the executrix, after deducting fees and expenses on said sale.

The Circuit Court expressed no opinion as to the correctness of the claims made by the master for costs, fees, commissions or disbursements, and in such case it would not be proper for this Court to do so.

This is a case in chancery, and in the absence of an order providing otherwise, the same rule as to costs prevails as in cases at law. Section 323, Civil Procedure. The usual method of taxing costs and disbursements is by motion before the clerk of the Court, and if any one is not satisfied with the action of the clerk, the remedy is appeal or motion to correct, before the Circuit Court, from which an appeal may be taken to this Court. *Bradley* v. *Rodelsperger,* 6 S. C., 290; *Cooke* v. *Poole,* 26 S. C., 326, 2 S. E., 609; *Hecht & Co.* v. *Friesleben,* 28 S. C., 186, 5 S. E., 475.

When Judge Purdy ascertained that the costs and disbursements of the case had not been taxed by the clerk, or pursuant to the order of the Court of equity, it was perfectly competent for him to continue the hearing of the rule until the costs and disbursements had been adjusted in the regular and usual way. This order was especially proper, when it appeared to him that a dispute had arisen as to the propriety of certain costs and disbursements. His order was, in effect, a continuance of the cause or hearing for the purpose of acquiring information for the guidance of his action, and was entirely within his discretion. His order was not final and in no way prejudiced whatever right appellant may have in the premises.

While it is well settled that one Circuit Judge cannot review, reverse or modify any order by another Circuit Judge, unless it is administrative in character, we do not regard the order of Judge Purdy, requiring the fund to remain in the hands of the master until determination of the hearing on the rule, as at all conflicting with the order of

Judge Gary. Judge Gary's order, it is true, required the master to turn over to the executrix the balance of the proceeds of sale after deducting the master's "fees and expenses on sale," but the object of Judge Gary's order was to place the fund in the hands of the executrix to be disbursed by her according to law and the order of the Court. In the absence of an order making the executrix personally liable for the same, the costs and disbursements in the case are chargeable upon the funds of the estate. Sec. 330, Code of Procedure. So that no matter in whose hands the funds may be, whether in the hands of the master or the executrix, they are subject to the payment of all proper costs and disbursements. The fund being still in the Court of equity, it is proper that due provision be made for the payment of the costs and expenses chargeable thereon.

The order of the Circuit Court is affirmed.

*The* CHIEF JUSTICE *did not participate in this opinion because of illness.*