## COOKE v. POOLE.

1. Costs in chancery follow the event of the action "unless otherwise ordered by the court"—which means the court that heard the cause and pronounced the final judgment therein on the merits.
2. Where a Circuit Judge in a chancery case rendered final judgment as to certain defendants wholly in their favor, and made no direction as to costs, such defendants are entitled to have their costs taxed against the plaintiff; and a succeeding judge can make no order to the contrary.
3. Items in the taxation of costs by the clerk, not excepted to nor brought to the attention of the Circuit Court, cannot be considered in this court.

Before WITHERSPOON, J., Greenville, April, 1886.

The opinion fully states the case.

*Mr. T. H. Cooke,* for appellant.

*Mr. Geo. Westmoreland,* contra.

March 19, 1887. The opinion of the court was delivered by

MR. JUSTICE McIVER. This action was commenced by the plaintiff as a judgment creditor of Seth P. Poole, deceased, to set aside certain deeds on the ground of fraud as to the creditors of Seth P. Poole. The original deed was from Seth P. Poole to Stephen H. Poole, and amongst the numerous defendants were embraced not only the heirs at law of Seth P. Poole, but also purchasers either directly or through intermediate conveyances from Stephen H. Poole of portions of the land covered by the original deed from Seth P. Poole to Stephen H. Poole, and also one Mary A. Childress, who was erroneously supposed to be in possession of a portion of said land. Judge Wallace, who heard the case, rendered a decree that the said original deed from Seth P. Poole to Stephen H. Poole was fraudulent and void as against creditors, but that certain of the defendants, who are respondents in the present appeal, being purchasers for valuable consideration without notice of the fraud, are not affected thereby, and that Mary A. Childress, who is also a respondent in this appeal, could not, of course, be disturbed in the possession of her land not covered by the fraudulent deed.

In the "Case" as prepared for the present appeal we find it stated that, "For a better understanding of the case, reference is requested to the Brief on the original appeal herein," but on referring to that Brief we find that neither the report of the master nor the decree of Judge Wallace appears there to be set out in full, but only such portions thereof as related to the point raised by that appeal, which was as to the legality of the assignments under which the plaintiff claimed to be a judgment creditor of Seth P. Poole, and throws no light upon the present controversy between the parties. For the scope and effect of Judge Wallace's decree we must therefore look alone to the "Case" as prepared for the present appeal.

It seems that the present respondents, claiming that the decree of Judge Wallace was in their favor, and that decree containing no specific directions as to costs, proceeded to tax their costs before the clerk against the plaintiff, and the case came before Judge Witherspoon upon exceptions to the clerk's authority to make such taxation. The exceptions to the clerk's taxation do not appear in the record, except as they are stated in Judge Witherspoon's decree, as follows: "1. Because, being an equity cause, the court should direct the mode of said taxation, and no order having been made in that behalf, the same was premature and without authority. 2. Because the costs of said defendants, if allowed, should be paid out of the fund brought into court, and not by the plaintiff."

The Circuit-Judge, after thus setting out the exceptions to the clerk's taxation, proceeds as follows: "It is not alleged in the exceptions that the cause is not ended as to the defendants in whose favor costs have been taxed, nor do the grounds of exception indicate any error as to the items of costs as taxed by the clerk. The only objection made is *as to the authority of the clerk* to tax the costs, this being a suit in equity, and there being no order made with reference to costs. If the matter of costs in this case were still left to the discretion of the court, I should regard plaintiff's *second exception* as entitled to consideration. It has been decided that costs in equity cases are within the discretion of the Circuit Judge—referring evidently to the judge who heard the cause, and who could thereby be enabled properly

to exercise such discretion.   When, however, as in this case, the
Circuit Judge hearing the case does not exercise such discretion
by directing, in his decree, how the costs are to be paid, then,
under section 323 of the Code, it would seem that the costs are
to be allowed, as of course, as in a legal action, accordingly as
the action may terminate.   As this suit in equity has terminated
in favor of the defendants, in whose behalf costs have been taxed
by the clerk, I conclude that the clerk was authorized to tax
costs in favor of said defendants."   He therefore rendered judg-
ment overruling the exceptions and confirming the taxation of
costs made by the clerk.

From this judgment plaintiff appeals upon seven grounds set
out in the record.   The first, second, and third grounds substan-
tially make the point that it is inequitable that the plaintiff should
be required to pay the costs of the respondents, who were neces-
sary parties to the action, and that their costs should be paid out
of the fund brought into court by the successful action of the
plaintiff, so far as the other defendants were concerned.   The
fourth and fifth grounds allege errors in some of the items of
costs allowed by the clerk,   The sixth and seventh impute error
to the Circuit Judge in holding that he had no discretion in the
matter of these costs.

The first and third of these points, embracing the first, second,
third, sixth, and seventh grounds of appeal, may be considered
together.   Under section 332 of the Code of 1870, which pro-
vided that, "In all actions where there are several defendants,
not united in interest, and making separate defences by separate
answers, and the plaintiff fails to recover judgment against all,
the court may award costs to such of the defendants as have judg-
ment in their favor, or any of them," it might well have been
doubted whether these respondents, who were the successful
defendants in the action, would, in the absence of any provision
to that effect in the decree of Judge Wallace, have been entitled
to any costs.   But that section has been expressly repealed by
the 10th section of the act of 1880 (17 *Stat.*, 303), and now,
while there are other acts establishing the items and amounts of
costs, the only provision regulating the right to costs in all civil
actions, either legal or equitable, is that contained in section 323

of the Code of 1882. By that section it is declared that in all actions, except cases in chancery, costs follow the event of the action, and that the same rule shall be applied in cases of chancery, "unless otherwise ordered by the court."

. This undoubtedly means "the court" hearing the case, as held by the Circuit Judge, for the very good reason suggested by him; and not that any subsequent judge, to whom the naked question as to who shall pay the costs may be submitted, and who has not had the benefit of hearing the case upon its merits, and thus been enabled to determine whether any special order with respect to the costs should be made, has the power to supplement the decree of his predecessor by adding a provision as to who shall pay the costs. It may be that Judge Wallace, knowing the provisions of section 323 of the Code, and knowing that unless he ordered otherwise the costs of these respondents would fall on the plaintiff, might have seen something in the facts of the case, or in the conduct of the plaintiff, which in his judgment rendered it right and proper that the plaintiff should pay these costs; and if so, then clearly Judge Witherspoon had no right to review and reverse the judgment of Judge Wallace. Of course, we do not mean to intimate that such was the fact, but we only make the supposition as an illustration of the propriety of the view adopted by Judge. Witherspoon.

It seems to us clear that the question as to who should pay the costs was a question for Judge Wallace, and he, by omitting to order otherwise, must be regarded as having adjudged that the costs should follow the event of the action. If his decree was, in this respect, erroneous, the proper remedy was by appeal to this court, for certainly his successor had no authority to correct any error in such decree. As is said by Simpson, C. J., in *Covar* v. *Sallat* (22 *S. C.*, 271), "Costs in equity cases is a matter for the judge pronouncing the decree, and this court rarely disturbs his order in that respect"—citing section 323 of the Code. So that whether costs in an equity case are now in the discretion of the court (as to which some doubt was intimated in the case of *Scott* v. *Alexander*, 23 *S. C.*, 126, where the case had not proceeded to final judgment on the merits), we think it clear that where final judgment has been reached, the question of costs is for the

judge rendering such judgment, and that no subsequent Circuit Judge has any authority either to alter or supplement such judgment in that respect.

The cases of *Muse* v. *Peay* (*Dud. Eq.*, 236) and *Chaplin* v. *Jenkins* (2 *Strob. Eq.*, 96), having arisen under the former practice, are not strictly in point, and can only be applied by analogy. But we think an examination of those cases will show that even the analogy fails. In the former the plaintiff set up two claims against the defendant, one to set aside certain judgments and the other to set aside the sale of certain slaves. The Circuit Chancellor refused the relief demanded, and directed that each party should pay his own costs. Upon appeal, this decree was reversed as to the sale of the slaves, and the case came before another chancellor on a motion to require the defendant to pay the costs. This motion was refused upon the ground that the original decree had directed that each party should pay his own costs, and that this portion of the decree had not been reversed. Upon appeal this view was sustained. In delivering the opinion of the court, Harper, Ch., uses the following language, relied on by appellant: "The act of assembly, providing that when no direction is given with respect to costs they shall follow the event of the suit, can only be held to apply when the decree is wholly *in favor of one or the other party*, when, on one side, all the relief is given which is claimed, or, on the other, the bill is dismissed."

The words which we have italicized in the foregoing quotation mark the distinction between that case and the one now before the court. There the decree was partially in favor of the plaintiff and partially in favor of the defendant, the same party—the decree was not wholly in favor of either of the parties; while here the decree was wholly in favor of the respondents, and hence the decision in *Muse* v. *Peay* does not apply even by analogy. It is true that it does not appear whether Judge Wallace formally dismissed the complaint against these respondents or not, as his decree is not set out in full in the record; and in the argument, it is alleged on the one side, and denied on the other, that the complaint was dismissed as to the respondents. But, however that may be, it is quite certain that the decree was wholly in their favor, and that the plaintiff was denied any relief whatever as against them. The

action, therefore, clearly terminated in their favor, and in the absence of any direction to the contrary, they are entitled to recover their costs from the plaintiff, who has been adjudged to have brought a groundless claim against them.

The case of *Chaplin* v. *Jenkins* seems to rest entirely on the case of *Muse* v. *Peay*, and the remarks already made apply to it also. This view which we have adopted seems to have had the sanction of the former Equity Court of Appeals in *Higginbottom* v. *Peyton* (4 *Rich. Eq.*, 314), where Mrs. Enicks, who had succeeded in wholly establishing an independent claim, was allowed her costs in the absence of any directions to the contrary, although the cases of *Muse* v. *Peay* and *Chaplin* v. *Jenkins* were there distinctly recognized.

The only remaining inquiry is as to the second point, embraced by the fourth and fifth grounds of appeal, in which it is alleged that there was error in certain items and amounts of the costs allowed by the clerk. This matter is not properly before us, and cannot, therefore, be considered. It not only does not appear that there was any exception to the taxation of costs by the clerk on any such ground, but it is distinctly stated in the Circuit decree that there were no such exceptions. Indeed, it is conceded in the argument of the counsel for appellant, that no such point was presented to Judge Witherspoon. Now, as we can only review the judgment of Judge Witherspoon, and as he made no ruling, and could not properly have made any, upon the points raised by these grounds of appeal, as the case was presented to him, it is quite clear that there is nothing properly before us which would authorize us to consider the questions now sought to be raised by these grounds.

The case of *Bradley* v. *Rodelsperger* (6 *S. C.*, 290) is conclusive upon this point. There it is said : "If the allowances made by the clerk for costs or disbursements are objected to by either party, the proper practice is to bring the matter before the court on motion to correct such allowances. Not until such a motion is heard and decided is a question of that nature ripe for this court to pass upon it." The case of *Dilling, Baker & Co.* v. *Foster* (21 *S. C.*, at page 340) is relied upon as authority by the appellant for this court to review directly the taxation of costs by

the clerk, but that was an appeal from an order of a Circuit Judge directing an erroneous taxation of costs by the clerk, and not an appeal from a taxation of costs by the clerk. And in that very case, on the same page, and more distinctly on the next page, the authority of the case of *Bradley* v. *Rodelsperger* was distinctly recognized, and it is there declared that "we could not inquire into the correctness of the taxation of costs, there having been no motion below to correct such taxation."

The judgment of this court is, that the judgment of the Circuit Court be affirmed.