2048

Billy Fred BLACK and Vali Dressler Black, Respondents v. ROCHE BIOMEDICAL LABORATORIES, A DIVISION OF HOFFMAN-LaROCHE, INC., and Peter Frank, D.O., Defendants, of whom Peter Frank, D.O., is Appellant, and Billy Fred BLACK, as Guardian ad Litem for William James Black, a Minor under the age of Fourteen (14) years, Respondent v. ROCHE BIOMEDICAL LABORATORIES, A DIVISION OF HOFFMAN-LaROCHE, INC., and Peter Frank, D.O., Defendants, of whom Peter Frank, D.O., is Appellant. Appeal of Peter FRANK, D.O.

(433 S.E. (2d) 21)

Court of Appeals

*J. Rutledge Young, Jr.* and *Stephen P. Groves,* both of *Young, Clement, Rivers & Tisdale,* Charleston, *for appellant.*

*Desa A. Ballard,* of *Ness, Motley, Loadholt, Richardson & Poole,* Barnwell, *for respondents.*

Heard May 10, 1993; Decided July 6, 1993.

Reh. Den. Aug. 5, 1993.

CURETON, Judge:

In this medical malpractice action, the jury returned a verdict for appellant Peter Frank, D.O.[1] (Frank). Frank moved for an award of costs under the applicable statutes and Rules 54(d) and 68 of the South Carolina Rules of Civil Procedures. The trial judge granted a small portion of the requested costs. Frank appeals. We affirm.

The issues on appeal are whether (1) the trial court should have awarded costs and attorney fees under Rule 68, and (2) the trial court erred in the amount of costs it allowed Frank under the applicable statutes and Rule 54(d).

This lawsuit arose out of the use of the drug accutane. It incorporated a medical malpractice action and a products liability action. The products liability action against the drug company was settled prior to trial.

The medical malpractice action resulted in a verdict for Frank. Prior to trial, Frank made a $35,000.00 offer of judgment pursuant to Rule 68. The Blacks did not accept the offer. Following the verdict, Frank moved for attorney fees and costs under Rules 54(d) and 68 and several applicable statutes. He claimed total costs and expenses of $27,914.27 for the period beginning with the date the answers were served

---

[1] Doctor of Osteopathy.

and ending with the jury's verdict. Of these costs, $16,391.92 were incurred before the offer of judgment and $11,522.35 were incurred after the offer of judgment. In addition, Frank sought attorney fees of $48,909.00, all of which were incurred after the date of the offer of judgment.

The court awarded costs for filing fees,[2] two round-trip journeys between Charleston and Ridgeland (one for each of the two weeks of trial at the statutory mileage rate), and service of process fees. The total amount awarded was $94.29. The court denied recovery under Rule 68 because it found the $35,000.00 offer was unreasonable and made for tactical purposes rather than to settle the case, and was not made in good faith as required by Rule 68.

Initially, we note that while argued by the parties both at trial and in their briefs, the trial judge did not address whether Rule 68 costs are recoverable against a plaintiff when the verdict was in the defendant's favor. We address this issue because it is dispositive of Frank's claim for costs and attorney fees under Rule 68. Rule 68(a) provides in pertinent part:

> If the complaining party fails to obtain a more favorable judgment he cannot recover costs but must pay the defending party's costs from the time of the offer.

The comparable Federal Rule states:

> If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after the making of the offer.

Rule 68, Federal Rules of Civil Procedure.

The Federal Rule has been construed to apply only when the plaintiff obtains a judgment in his favor which is not "more favorable" than the offer made to him by the defendant. *Delta Airlines, Inc. v. August,* 450 U.S. 346, 351, 101 S.Ct. 1146, 1149, 67 L.Ed. (2d) 287 (1981). The *August* Court observed that the language "a judgment . . . not more favorable" requires the plaintiff to obtain a judgment in his favor in *some* amount, but in an amount less than was offered. *Id.*

---

[2]Frank's attorney represented to the court that he had no filing fees to recover.

Frank argues the language in our state version of Rule 68(a) is not identical to the Federal Rule. We agree. However, we discern no substantive difference between the rules. Both were intended to encourage settlements and avoid protracted litigation. 12 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3001 (1973). We therefore adopt the reasoning of the *August* court in holding Rule 68(a) has no applicability to this case.[3]

With regard to the good-faith requirement of an offer under Rule 68, although unnecessary to this decision, we nevertheless note our agreement with the trial court. The Circuit Court in the *August* case noted that the rationale for a good-faith requirement under the Federal Rule is to prevent cost shifting by a defendant by simply making a minimum offer, thus, invoking the provisions of the rule. *Rosemary August v. Delta Air Lines, Inc.*, 600 F. (2d) 699, 701 (7th Cir. 1979).

Having sustained the trial court's denial of Frank's Rule 68 motion, we now consider his claim that the trial court erred in the amount of costs awarded under S.C. Code Ann. § 15-37-10 to -220 (1976) as amended, and Rule 54(d), SCRCP.

At common law, a judgment did not automatically carry with it an award of costs. *See Matheson v. Rogers*, 84 S.C. 458, 461, 65 S.E. 1054, 1055 (1909), *reh'g denied*, 84 S.C. 458, 67 S.E. 476 (1910). Over a hundred years ago, our Legislature adopted procedures to permit the prevailing party in a civil action to recover costs and disbursements from the losing party. *See Cooke v. Poole*, 26 S.C. 321, 323-24, 2 S.E. 609, 610-11 (1887). Those procedures, now generally embraced in Rule 54(d) and S.C. Code Ann. §§ 15-37-10 to -220, provide that a prevailing party *shall* ordinarily be entitled to recover certain costs and disbursements. Such costs and disbursements do not, however, include attorney fees. *See Steinert v. Lanter*, 284 S.C. 65, 66, 325 S.E. (2d) 532, 533 (1985).

A review of South Carolina legislative enactments and judicial rules reveals no specific enumeration of items of costs recoverable in our trial courts. 7 S.C. Juris.

---

[3]Additionally, because Rule 68 was amended to comply with prior practice, we conclude it applies only when the *plaintiff* obtains a judgment in his favor in an amount less than was offered by the defendant. *See* Reporter's Note, Rule 68, SCRCP; S.C. Code Ann. § 15-21-40 (1976) (repealed).

*Costs* § 27 (1991). The general taxing statute on costs, S.C. Code Ann. § 15-37-10, refers to an array of other statutes relating to the taxation of costs, many of which have been repealed. *Id.* Frank argues Rule 54(d) provided the trial court with an independent basis for imposing costs. We disagree. Rule 54(d) is substantially the same as the Federal Rule. *See* Reporter's Note, Rule 54, SCRCP. In *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42, 107 S.Ct. 2494, 2497-98, 96 L.Ed. (2d) 385 (1987), the United States Supreme Court construed the Federal Rule in conjunction with the federal costs taxing statute and concluded it is but the procedural vehicle by which a prevailing party may recover costs which are otherwise provided for by statute or rule of court. Similarly, our own Supreme Court has concluded "[c]osts and expenses of actions and proceedings are allowed to be taxed against the losing party only by statute." *Oliver v. S.C. Dep't of Highways & Public Transp.*, — S.C. —, 422 S.E. (2d) 128, 131 (1992) (citation omitted). We therefore hold that Frank must point to a specific statute or rule of court[4] to support each of his claims for costs, fees, and disbursements.

After conceding the recovery of costs under Rule 54(d) is probably discretionary,[5] Frank discusses several categories of costs he claims the trial court should have awarded him. These include the costs of depositions, copying of documents, costs and expenses of witnesses, costs and expenses of expert witnesses, mileage of witnesses, travel expenses for counsel, and service of process fees.[6]

> *Deposition Costs:* Frank requested $10,744.46 for "depositions" and "deposition expenses." The only cost statute which Frank identifies is S.C. Code Ann. § 15-

---

[4]We note that other rules of court provide for assessment of costs. For example, Rule 45(g), SCRCP provides that a witness subpoenaed to attended a deposition is entitled to per diem of $25.00 and mileage.

[5]Federal courts have held the allowance of costs to the prevailing party under Federal Rule 54(d) is discretionary unless the matter is controlled by a federal statute or rule. 10 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2668 (1983).

[6]We observe that at trial when asked by the court what fees and costs are provided for by statute, Frank's attorney mentioned only filing fees, service of process fees, and mileage. He argued, however, that in other cases, trial judges had awarded him "deposition transcript fees," "reimbursement for long-distance telephone calls," "xerox costs," and "other things such as meals and lodging." He did not identify to the judge any statute or rule of court that authorized these reimbursements.

37-40. That section provides for "reasonable compensation of commissioners in taking depositions." The application of this provision to modern discovery depositions in civil litigation has not been addressed by an appellate court in this State. 7 S.C. Juris. *Costs* § 31 (1991). Additionally, Rule 30(a)(2) provides a per diem of $25.00 per day and mileage for witnesses attending depositions. Frank's affidavit of costs, expenses, and disbursements does not reflect that any portion of the $10,744.46 sum is for commissioners compensation[7] or witness per diem and mileage expenses. We are therefore unable to determine whether the trial judge abused his discretion in denying any part of these costs and disbursements. *See Windham v. Honeycutt*, 290 S.C. 60, 63, 348 S.E. (2d) 185, 187 (Ct. App. 1986) (burden is on appellant to furnish a sufficient record on appeal to permit review by this court). We affirm the trial court.

*Copying of Documents:* We are uncertain which documents relate to this claim. Under § 15-37-40, "the expense of printing the papers for any hearing when required by a rule of the court" may be taxed as costs. Frank has not demonstrated an abuse of discretion by the court in failing to award costs under this statute. There are no supporting documents in the record, and presumably none were presented to the trial court. It is impossible for this court to determine whether the copying was required by rule of court. *See Oliver*, — S.C. —, 422 S.E. (2d) at 132. We find no abuse of discretion.

*Expenses of Witnesses:* Rule 45(g), SCRCP provides for a per diem of $25.00 per day and mileage for subpoenaed witnesses. At trial, Frank's counsel advised the court he was entitled to reimbursement for the fee he paid to serve a subpoena, but did not indicate entitlement to per diem or mileage. Moreover, neither Frank's motion nor affidavit of counsel sought recovery specifically for witness expenses. As noted above, Frank recovered service of process costs in the sum requested at trial. We find no abuse of discretion in the failure of the trial judge to award the expenses of witnesses.

---

[7]We doubt the applicability of this provision to present-day deposition practice. We also note several other provisions in the depositions and discovery rules that provide for expenses and/or costs. However, we are unable to discern their applicability to the case.

*Costs and Expenses of Expert Witnesses:* Frank requested recovery of expert witness fees of $3,000. He does not identify a statute or rule that permits recovery of such fees under Rule 54(d). Rule 45(g) limits witness fees to $25.00. No exception is made for expert witnesses. *Oliver,* 422 S.E. (2d) at 132. Because statutes permitting the recovery of costs must be strictly construed, the trial court did not abuse its discretion in refusing to a ward the costs related to Frank's expert witnesses. *Steinert,* 284 S.C. at 66, 325 S.E. (2d) at 533.

*Other Costs, Fees, Expenses and Disbursements:* As to the additional costs in excess of $10,000.00 that Frank claims as reimbursement for travel, lodging, car rentals, meals, parking, mailings, telephone calls, publications, and mileage, he did not bring to the trial court's, and has not brought to this court's attention, a rule of court or statute that authorizes these reimbursements.[8] We therefore affirm the trial court's denial of these costs.

Accordingly, the order of the trial court is

Affirmed.

SHAW and GOOLSBY, JJ., concur.

---

[8]We assume these expenses apply to Frank's counsel.