24062

Felicia Nadine BELTON, Appellant v. The STATE of South Carolina, The South Carolina State Housing Authority and the S.C. State Budget and Control Board, Division of Human Resource Management, Respondents.

(443 S.E. (2d) 554)

Supreme Court

*C. Richard Kelly,* Columbia, *for appellant.*

*Assistant Attorney General J. Emory Smith, Jr.,* Columbia, *for respondent S.C. State Budget and Control Bd.*

*Chief Deputy Atty. Gen. Joseph D. Shine,* Columbia, *for respondent the South Carolina State Housing Authority.*

*Asst. Atty. Gen. Samuel L. Wilkins,* Columbia, *for respondents the State of S.C.* and *S.C. State Budget and Control Bd., Div. of Human Resource Management.*

Heard Jan. 19, 1994.

Decided May 9, 1994. Ren. Den. June 7, 1994.

CHANDLER, Acting Chief Justice:

Felicia Nadine Belton (Belton) appeals Circuit Court Orders granting summary judgment in favor of Respondents, the State of South Carolina (State), the South Carolina State Housing Authority (Authority), the S.C. State Budget and Control Board (B & C Board) and the Division of Human Resource Management (DHRM).

We affirm in part, reverse in part and remand.

## FACTS

Belton, employed by Authority, was given a letter of termination on March 2, 1988. On August 22, 1988, as a result of proceedings before the State Employee Grievance Committee (Grievance Committee), she was ordered reinstated with full back pay. She returned to work on September 12, 1988.

Thereafter, Belton filed suit against Authority, alleging she had been discharged in violation of federal wage and hour laws regarding time cards. Her complaint alleged continued retaliation after reinstatement and that Authority had wrongfully withheld reinstatement pay from which annual and sick leave had been unilaterally deducted. As damages, she claimed that Authority's conduct had caused the lapse of her health insurance, leaving her uninsured for the birth of her child in June, 1988, and, later, the birth of twins. Belton's complaint alleged violation of the Whistleblower Statute, S.C. Code Ann. § 8-27-10 *et seq.* (Supp. 1992).[1] Further, she requested that Circuit Court order B & C Board to conduct a hearing on her appeal of Authority's calculation of reinstate-

---

[1] The Whistleblower Statute was amended by 1993 Act No. 164, Part II § 37, effective June 21, 1993. The 1993 amendments do not control the present case.

ment pay, annual leave and sick leave.[2] In separate rulings from four Circuit Court Judges, Respondents were granted summary judgment and each of Belton's causes of action were dismissed.[3] Belton appeals.

## ISSUES

Although numerous issues are raised, we address only

(1) whether summary judgment was properly granted in Belton's Whistleblower action;
(2) whether B & C Board was required to determine Belton's appeal of Authority's calculation of reinstatement pay, annual leave, and sick leave, and
(3) whether attorney's fees and costs were properly assessed against Belton by Circuit Court.

## DISCUSSION

### I. WHISTLEBLOWER SUIT

Circuit Court granted summary judgment in the Whistleblower action, finding that (1) Belton was terminated on March 2, 1988, prior to the effective date of the Whistleblower Act, (2) that Belton's conduct was not within the scope of the Act and (3) that the State Employee Grievance Committee's Order was *res Judicata* as to Belton's termination.

We disagree.

The Whistleblower Act became effective March 14, 1988. Circuit Court found that Belton's termination occurred on March 2, 1988, precluding application of the Act. However, we find a genuine issue of material fact as to the effective date of Belton's termination. In her grievance to the State Employee Grievance Committee, Belton asserted that she did not receive notice of Authority's final decision until April 1, 1988. Indeed, a memorandum from Authority indicates April 13, 1988, as the date of its concurrence in Belton's dismissal.

---

[2] B & C Board had previously determined that it lacked jurisdiction to hear the appeal from Authority's ruling.

[3] We affirm, pursuant to Rule 220(b)(1) SCACR, the grant of summary judgment as to those causes of action not specifically addressed herein. *Smith v. T.H. Snipes & Sons, Inc.*, 306 S.C. 289, 411 S.E. (2d) 439 (1991) (summary judgment appropriate when no genuine issue of material fact exists and moving party is entitled to judgment as a matter of law).

Moreover, assuming that Belton was terminated prior to the effective date of the Act, she claims, and the record reveals, various instances of retaliation occurring subsequent to her reinstatement. Clearly, there is evidence from which a jury could find Belton was disciplined subsequent to the effective date of the Act.[4]

Prior to its amendment, the Whistleblower Statute, § 8-27-20 (Supp. 1992) provided:

No public body may discharge, otherwise terminate, or suspend from employment, demote, decrease the compensation of, discipline, otherwise punish, or threaten any employee of a public body *whenever the employee reports a violation of any state or federal law or regulation* which involves a public body or any employee or official of a public body *or whenever the employee exposes governmental criminality, corruption, waste, fraud, gross negligence, or mismanagement or testifies as a witness in any trial, hearing, or other proceeding* involving any of the matters described in this section. . . .

(Emphasis supplied.)[5] Belton claims that she was terminated for reporting a violation of federal wage and hour laws to DHRM and that she was retaliated against for having testified at a hearing before the Grievance Committee. Clearly, these allegations are sufficient to bring her within the scope of the Act *prior to its amendment.*

Finally, we hold that the Grievance Committee's findings are not *res judicata* to Belton's Whistleblower claim.[6] Here, Belton prevailed in her action before the Grievance Committee, at which the issue of retaliation was not addressed. Accordingly, we find that Belton is entitled to

---

[4] We concur, however, with the finding that the Act does not apply retroactively. *Hyder v. Jones,* 271 S.C. 85, 245 S.E. (2d) 123 (1978) (statute which supplies legal remedy where formerly none exists applies prospectively).

[5] The statute, as amended by 1993 Act No. 164, requires, effective June 21, 1993, that a written report be filed with the appropriate authority.

[6] Section 8-27-30(A), as amended by 1993 Act No. 164, provides that no action may be brought unless "any previous proceedings have resulted in a finding that the employee would not have been disciplined but for the reporting of alleged wrongdoing." The amendment now requires that an employee essentially litigate his Whistleblower claim before the Committee, prior to bringing an action in Circuit Court. As Belton's action was instituted prior to its effective date, the amendment is inapplicable here.

litigate the issue, and may offer the findings of the Grievance Committee in support of her claim. *Cf. Bennett v. South Carolina Dept. of Corrections*, 305 S.C. 310, 408 S.E. (2d) 230 (1991).

## II. *JURISDICTION OF BUDGET & CONTROL BOARD*

Upon her reinstatement, Authority was required to calculate Belton's "full back pay" as ordered by the Grievance Committee. In doing so, Authority deducted sick and annual leave which it claimed Belton would have taken due to her pregnancy and maternity leave.

When Belton appealed Authority's determination, the B & C Board determined that it lacked jurisdiction to hear the appeal. Thereafter, Judge Stuckey issued an Order holding that B & C Board *did* have jurisdiction to hear the appeal, from which Order no appeal was taken. Judge Kinard, however, subsequently dismissed Belton's appeal, holding that the B & C Board did *not* have jurisdiction.

When B & C Board failed to appeal Judge Stuckey's Order, it became the law of the case. *Edwards v. Timmons*, 297 S.C. 314, 377 S.E. (2d) 97 (1988). Moreover, as the question was purely a legal one, Judge Kinard was without authority to review Judge Stuckey's findings. *Enoree Baptist Church v. Fletcher*, 287 S.C. 602, 340 S.E. (2d) 546 (1986).

We hold that Belton's sick and annual leave comprise an element of her reinstatement award, such that B & C Board had authority to hear her appeal. *See, e.g.*, S.C. Code Ann. § 41-10-10 (Supp. 1992) (definition of "wages" includes vacation, holiday and sick leave payments due).

Accordingly, we remand to B & C Board with instructions that Belton be afforded an opportunity to present evidence regarding the sick leave and maternity leave setoff against her reinstatement pay.

## III. *ATTORNEY'S FEES*

Belton initially filed an appeal of the first 1990 Circuit Court Order. At her request, the appeal was thereafter dismissed without prejudice by this court. Circuit Court subsequently assessed $750 attorney's fees and $168

costs against Belton pursuant to Rule 222, SCACR. This was error, as costs on appeal may only be taxed in the Appellate Court. *Muller v. Myrtle Beach Golf and Yacht,* — S.C. —, 438 S.E. (2d) 248 (1993).

## CONCLUSION

We reverse the grant of summary judgment in the Whistle-blower action and remand with instructions that Belton be allowed to amend her complaint to set forth allegations relevant to that action. *Dockins v. Ingles Markets, Inc.,* 306 S.C. 496, 413 S.E. (2d) 18 (1992). The matter of Belton's maternity and sick leave is remanded to B & C Board to comply with the instructions herein. The remaining issues are affirmed pursuant to Rule 220(b)(1) SCACR.

Affirmed in part; reversed in part and remanded.

FINNEY, TOAL and MOORE, JJ., and WILLIAM T. HOWELL, Acting Associate Justice, concur.