499 S.E.2d 225

**Felicia Nadine BELTON, Appellant,**

**v.**

**The STATE of South Carolina, The State Housing Authority, and the S.C. Budget and Control Board, Division of Human Resource Management, Defendants,**

**Of which the State Housing Authority is Respondent.**

No. 2814.

Court of Appeals of South Carolina.

Heard Feb. 3, 1998

Decided March 23, 1998.

Rehearing Denied May 21, 1998.

---

C. Richard Kelly, Columbia, for appellant.

H. Ronald Stanley, Columbia, for respondent

HUFF, Judge:

This appeal arises from Appellant's acceptance of a Rule 68, SCRCP offer of judgment from Respondent in an action brought under the Whistleblower Act, S.C.Code Ann. § 8–27–30 (Supp.1989). The lower court denied Appellant's petition for attorney's fees. We affirm.

## FACTS

Much of the ten year procedural history of this case is set forth in *Belton v. State,* 313 S.C. 549, 443 S.E.2d 554 (1994). After that decision, Felicia Nadine Belton realleged a violation of the Whistleblower Act against the South Carolina State Housing Authority in an amended complaint, as authorized by the Supreme Court. The Authority served Belton with an offer of judgment for $10,000 pursuant to Rule 68, SCRCP. In her acceptance of the offer, Belton referenced Rule 54(e)(1), SCRCP, and announced her intention to petition the court for costs. The Authority gave her a check for $10,207.80. The $207.80 represented costs.

Belton petitioned the circuit court to recover costs, attorney's fees and prejudgment interest on the offer and acceptance of judgment. The court awarded Belton $898.28 in costs and $439.00 in prejudgment interest. The court denied Belton's petition for attorney's fees, finding that the Whistleblower statute contemplates "a fee award only after a plaintiff's claims have been tested and vindicated in court." The court also found that Belton could not claim attorney's fees under Rule 68.

## ISSUE

Whether the lower court erred in denying Belton attorney's fees.

## LAW/ANALYSIS

In her brief, Belton argues that this matter was not ripe for hearing by the lower court. This argument is without merit. Belton clearly waived all objections to the lower court deciding the issue. In a letter to the lower court, Belton's attorney stated that "both sides have agreed that all objections to the issue of costs and attorney's fees being heard by you are expressly waived by the parties."

Belton argues that the Whistleblower Act clearly imposes reasonable attorney's fees on the defendant when the plaintiff prevails. She contends that because she accepted an offer of judgment, she became the prevailing party on the Whistleblower claim and is entitled to attorney's fees.

The Authority claims that the Whistleblower statute does not allow attorney's fees for Belton because there was not a finding of liability by a judge or jury. It argues that Rule 54 is a procedural method of obtaining costs that are otherwise provided for by statute. The Authority asserts that Rule 68 does not provide for attorney's fees.

Rule 54(e)(1), SCRCP provides:

Taxable costs shall include: (1) ... All sanctions including reasonable attorney's fees, if ordered, imposed upon another party and in favor of the prevailing party under any statute of or Rule of Civil Procedure are taxable.

Rule 68, SCRCP provides:

At any time a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued. If ... the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment.

If an offer of judgment does not include costs, the court is required by the terms of Rule 68 to determine reasonable "accrued costs." *Marek v. Chesny*, 473 U.S. 1, 6, 105 S.Ct. 3012, 3015, 87 L.Ed.2d 1 (1985).

The Whistleblower's statute in effect at the time Belton brought her action provides:

(A) ... If the employee was wrongfully treated he may institute a civil action either for damages or for reinstatement to his former position and lost wages, or for both, in a jury or a nonjury proceeding, in the court of common pleas of the county in which the plaintiff resides at the time of commencing the civil action or the county in which the unlawful activity occurred.

\* \* \* \* \* \*

(C) Any court or jury award under this section may include actual damages, court costs, and reasonable attorney's fees.

S.C.Code Ann. § 8–27–30 (Supp.1989).

The trial court stated that a plaintiff may claim accrued costs under Rule 68, but those costs do not include attorney's

fees. The court reasoned that an offer of judgment under Rule 68 is "essentially an offer of compromise" which allows defendants to "avoid the sanction of court-awarded attorney's fees." The court noted that Belton's claim did not develop "past the pleadings stage" and that the Whistleblower statute requires adjudication in court.

The primary concern in interpreting a statute is to ascertain and effectuate legislative intent if it reasonably can be discovered in the language when construed in light of its intended purpose. *Whitner v. State*, 328 S.C. 1, 492 S.E.2d 777 (1997); *Spartanburg County Dep't of Social Servs. v. Little*, 309 S.C. 122, 420 S.E.2d 499 (1992). If a statute's language is plain and unambiguous and conveys a clear and definite meaning, there is no occasion for employing rules of statutory interpretation, and the court has no right to look for or impose another meaning. *Paschal v. State Election Comm'n*, 317 S.C. 434, 454 S.E.2d 890 (1995).

The Whistleblower statute provides for attorney's fees in conjunction with a court or jury award. In this case, the circuit court, as a "ministerial duty", ordered the clerk of court to enter the judgment against the Authority after Belton accepted the offer. Belton consequently argues that this order constitutes a court award. We disagree. The court's ministerial order does not transmute the offer and acceptance of judgment into a verdict rendered by the court.

Further, although Rule 54(e)(1) provides for a sanction of reasonable attorney's fees as costs if they are authorized by statute, we find that attorney's fees are not authorized by the Whistleblower statute in this case. The statute clearly contemplates the litigation of a claim in court with a verdict from a judge or jury. Here, there was no "jury or nonjury proceeding." Neither a jury nor a judge passed upon Belton's claim. Her claim was simply not litigated as foreseen by the Whistleblower statute.

**AFFIRMED.**

ANDERSON and HOWARD, JJ., concur.