529 S.E.2d 4

Felicia Nadine BELTON, Petitioner,

v.

The STATE of South Carolina, The State Housing Authority, and the S.C. Budget and Control Board, Division of Human Resource Management, Defendants,

Of whom The State Housing Authority is Respondent.

No. 25073.

Supreme Court of South Carolina.

Heard Jan. 6, 2000.
Decided Feb. 22, 2000.

Charles Richard Kelly, of Columbia, for petitioner. .

H. Ronald Stanley, of Columbia, for respondent.

## ON WRIT OF CERTIORARI TO
## THE COURT OF APPEALS

MOORE, Justice:

We granted a writ of certiorari in this case to review the sole issue whether attorney's fees should have been awarded under the former version of the Whistleblower Act, 1988 S.C.Act No. 354. The Court of Appeals affirmed the denial of such fees. *Belton v. State*, 330 S.C. 422, 499 S.E.2d 225 (Ct.App.1998). We affirm.

## FACTS[1]

Before trial on her whistleblower action, petitioner Belton accepted an offer of judgment in the amount of $10,000 from respondent (Housing Authority) pursuant to Rule 68, SCRCP. Her acceptance indicated she would seek costs and attorney's fees. The originals of the offer and acceptance were filed with

---

1. The procedural history of this case is more fully set forth in *Belton v. State*, 313 S.C. 549, 443 S.E.2d 554 (1994).

the clerk of court but the clerk never entered judgment as provided under Rule 68. On motion of the parties, Judge Pleicones noted that the original offer could not be found and ordered judgment entered for $10,000 against Housing Authority.

Belton petitioned the circuit court for attorney's fees in the amount of $117,761 plus costs and pre-judgment interest. Judge Dennis awarded Belton $439 in pre-judgment interest and $898.28 in costs, and he denied the request for attorney's fees. Belton appealed to the Court of Appeals which affirmed.

## ISSUE

Are attorney's fees recoverable under the former Whistleblower Act when judgment is entered pursuant to a Rule 68 offer of judgment?

## DISCUSSION

Rule 68(a) provides for an offer of judgment.[2] Costs are allowed when judgment is entered pursuant to an offer of judgment but these costs do not include attorney's fees. *Steinert v. Lanter,* 284 S.C. 65, 325 S.E.2d 532 (1985) (construing predecessor statute § 15–21–10); *see also Black v. Roche Biomedical Laboratories,* 315 S.C. 223, 433 S.E.2d 21 (Ct.App. 1993) (holding generally that costs, fees, and disbursements must be provided under specific statute or rule to be allowed when judgment is entered under Rule 68 offer of judgment). Attorney fees may be taxed, however, if otherwise allowed by statute or rule. Rule 54(e)(1), SCRCP.

Belton contends she is entitled to attorney's fees under former § 8–27–30(C) of the Whistleblower Act which provided:

---

**2.** This rule provides in pertinent part:

At any time a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, with costs then accrued. If within 10 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof and thereupon the clerk shall enter judgment.

"Any *court or jury award* under this section may include actual damages, court costs, and reasonable attorney fees."[3]

■ The Court of Appeals held the judgment in this case did not amount to a "court award" although judgment was entered by court order rather than by the clerk of court as provided in Rule 68. We agree that the trial judge's ministerial act of entering judgment in this case does not alter the status of the judgment as one entered pursuant to Rule 68. Such a judgment does not qualify as a "court award" since there has been no resolution on the merits of the claim.[4] A statute allowing attorney fees is in derogation of the common law and must be strictly construed. *Steinert v. Lanter, supra.* Accordingly, the Court of Appeals' decision affirming the denial of attorney's fees is

**AFFIRMED.**

FINNEY, C.J., TOAL, WALLER and BURNETT, JJ., concur.

---

**3.** The current version of the Whistleblower Act limits the action to a nonjury proceeding and provides for "reasonable attorney fees as determined by the court, but this award of attorney fees may not exceed ten thousand dollars for any trial and five thousand dollars for any appeal." S.C.Code Ann. § 8–27–30(A) (Supp.1998).

**4.** A case resolved by acceptance of an offer of judgment is considered "settled." Fletcher v. City of Fort Wayne, 162 F.3d 975, 978 (7th Cir.1998).