THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 William Alvin
 Hueble, Jr., Appellant,
 
 
 

v.

 
 
 
 South Carolina
 Department of Natural Resources and Eric Randall Vaughn, Defendants,
 of whom Eric
 Randall Vaughn is, Respondent.
 
 
 

Appeal From Greenwood County
 Eugene C. Griffith, Jr., Circuit Court
 Judge 

Unpublished Opinion No.  2012-UP-081
 Heard January 26, 2012  Filed February
 15, 2012  

AFFIRMED

 
 
 
 Jonathan S. Gasser and Gregory P. Harris,
 of Columbia and John P. Riordan, of Greenville, for Appellant.
 Andrew F. Lindemann, of Columbia, J.
 Victor McDade, of Anderson and Thomas E. Hite, Jr., of Abbeville, for Respondent.
 
 
 

PER CURIAM:  Appellant
 William Alvin Hueble, Jr. appeals from an order of the trial court denying his
 motion for costs and attorney's fees.  On appeal, Hueble argues the trial court
 erred by finding he was not the "prevailing party" and even if he was
 the prevailing party, the existence of special circumstances precluded an award
 of attorney's fees.  We find no error of law in the trial court's decision to
 decline awarding fees and costs, and therefore we affirm pursuant to Rule 220(b)(1), SCACR, and the
 following authorities:  42 U.S.C. § 1988(b) ("In any action or proceeding
 to enforce a provision of sections . . . 1983 . . . the court, in its
 discretion, may allow the prevailing party, other than the United States, a
 reasonable attorney's fee as part of the costs . . . ."); Grissom v.
 The Mills Corp., 549 F.3d 313, 318 (4th Cir. 2008) (holding that in order
 for a plaintiff to qualify as the "prevailing party" for purposes of
 section 1988, there must be a material alteration of the parties' legal
 relationship and there must be judicial imprimatur on such an alteration); Buckhannon
 Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Res.,
 532 U.S. 598, 604 (2001) (providing there must be an enforceable judgment upon
 the merits or a court-ordered consent decree to create the kind of material
 alteration in the legal relationship of the parties that is necessary for an
 award of "prevailing party" attorney's fees under the fee shifting
 statutes);   Belton v. State, 339 S.C. 71, 74 n.4, 529 S.E.2d 4, 5 n.4
 (2000) ("A case resolved by acceptance of an offer of judgment is considered
 settled."); Hensley v. Eckerhart, 461 U.S. 424, 429 (1983) (holding
 a prevailing plaintiff should ordinarily recover attorney's fees unless special
 circumstances would render such an award unjust); Gregg v. Ham, No.
 3:08-4040-CMC, 2010 WL 5060583, at *1 n.3 (D.S.C. Dec. 6, 2010) (noting that a
 prevailing plaintiff is eligible for, rather than entitled to, an award of
 attorney's fees).

AFFIRMED.
HUFF, PIEPER,
 and LOCKEMY, JJ., concur.