Justice KITTREDGE:
I respectfully dissent. Even if I were to accept the majority’s premise that “a plaintiff who obtained a Rule 68, SCRCP judgment of $5,100 in his favor is a prevailing party within the meaning of the Civil Rights Act, 42 U.S.C. § 1988,”[9] I would nonetheless find no abuse of discretion in the trial court’s denial of Petitioner’s request for attorney’s fees. Section 1988(b) provides that “the court, in its discretion, may allow the prevailing party ... a reasonable attorney’s fee as part of the costs.” The language of the statute speaks to a prevailing party’s eligibility for attorney’s fees, not an automatic entitlement to attorney’s fees. The trial court, in the exercise of its discretion, determined that special circumstances precluded an *237 award of attorney’s fees to Petitioner. It seems to me that ample evidence supports the trial court’s finding of special circumstances, and I would resolve the appeal on that basis.
My main point of disagreement with the majority is its decision to turn a blind eye to the resolution of Respondent’s counterclaim, as the majority is “unpersuaded that [Respondent] Vaughn’s recovery for his counterclaims has any bearing on the fairness of the award.” In my judgment, the relative magnitude of relief obtained is a key factor in this analysis. See Farrar v. Hobby, 506 U.S. 103, 113-14, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992) (recognizing that although the relative degree of success may not preclude a prevailing party’s “eligibility for a fee award,” the “degree of the plaintiffs overall success” is “ ‘the most critical factor’ in determining the reasonableness of the fee award” (quoting Tex. State Teachers Ass’n v. Garland Indep. Sch. Dist., 489 U.S. 782, 793, 109 S.Ct. 1486, 103 L.Ed.2d 866 (1989))). I would not myopically ignore the fact that Petitioner paid Respondent almost five times the amount Petitioner recovered pursuant to the Rule 68 offer of judgment. The parties, through their negotiated settlement, reached a resolution of the relative value of their competing claims. The majority seeks to excuse Petitioner from his payment of $25,000 to Respondent because it was paid “[u]nbeknownst to [Petitioner] Hueble [by his] insurance carrier.” The fact that Petitioner’s insurance carrier wrote the check is of no moment. Moreover, unlike the majority, I view Respondent’s counterclaims as compulsory because they arise out of the “transaction or occurrence that is the subject matter” of the Amended Complaint. Rule 13(a), SCRCP (“A pleading shall state as a counterclaim any claim which ... the pleader has against the opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party’s claim.... ” (emphasis added)). Try as it might, the majority cannot give Petitioner a pass on the payment of $25,000 to settle Respondent’s counterclaims.
Under the circumstances of this case, when the resolution of the dispute is considered in its entirety, the trial court did not abuse its discretion in denying Petitioner’s request for attorney’s fees. See Farrar, 506 U.S. at 115, 113 S.Ct. 566 (noting that, in some circumstances, “even a plaintiff who formally ‘prevails’ under § 1988 should receive no attorney’s fees at *238 all,” and explaining that sometimes “the only reasonable fee is [ ] no fee at all”). Absent an abuse of discretion by the trial court, which does not exist here, we must uphold the trial court. I would affirm the court of appeals in result.

. I acknowledge the laudable policy goals Congress sought to achieve in enacting 42 U.S.C. § 1983 — and, as the majority recognizes, that "the fee-shifting provision of § 1988 ... was designed to incentivize attorneys to litigate civil rights cases.” I caution, however, against a broad reading of Rule 68, SCRCP, as a basis for seeking attorney’s fees. In Belton v. State, 339 S.C. 71, 529 S.E.2d 4 (2000), we explained that when judgment is entered pursuant to a Rule 68 offer of judgment, the allowable costs do not include attorney’s fees; however, we noted that attorney's fees may be taxed if otherwise allowed by statute or rule. Id. at 73, 529 S.E.2d at 5. In Belton, we were presented with a claim for attorney’s fees pursuant to a Whistleblower action resolved pursuant to a Rule 68 offer of judgment. At that time, the Whistleblower Act provided for "reasonable attorney's fees” where there is a "court or jury award.” Id. at 74, 529 S.E.2d at 5. Because a Rule 68 offer of judgment did not qualify as a "court or jury award,” we rejected the claim for attorney’s fees. Once a Rule 68 offer of judgment is accepted, the resulting entry of judgment is a ministerial act.