**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Peter Rice, Appellant,

v.

John Doe, Respondent.

Appellate Case No. 2018-001508

Appeal From Fairfield County
Daniel Dewitt Hall, Circuit Court Judge

Unpublished Opinion No. 2021-UP-229
Submitted May 3, 2021 – Filed June 23, 2021

**REVERSED AND REMANDED**

Sherod Hampton Eadon, III, of Harris & Graves, PA, of Columbia, for Appellant.

Sarah Rand-McDaniel and Seth Thomas McDaniel, both of Walker Allen Grice Ammons & Foy, LLP, of Mount Pleasant, for Respondent.

**PER CURIAM:** Peter Rice appeals the dismissal of his negligence action against John Doe, an unknown driver, arguing the circuit court erred in ruling: 1) an affidavit compliant with section 38-77-170 of the South Carolina Code (2015) must be filed contemporaneously with the lawsuit; and 2) the issue of whether Rice met the

affidavit requirement of section 38-77-170 had not already been ruled on by another circuit court judge. Because the order dismissing the lawsuit improperly overruled another circuit court judge's ruling in the same action, we reverse.

## I.    FACTS

Rice was the passenger in a vehicle driven by Bobby Rae Dye. They were traveling south on Hwy. 901 in Fairfield County when an oncoming vehicle "crossed the center line causing [Dye] to lose control, swerve, and hit a tree." The oncoming vehicle never stopped, and the driver was not identified. The collision caused Rice to suffer "severe and painful injuries and damages." On January 12, 2016, Rice filed this action against Dye and Doe—the unknown driver of the oncoming vehicle— asserting their negligence caused his injuries. Such a "John Doe" action is governed by section 38-77-170, formally titled, "Conditions to sue or recover under uninsured motorist provision when owner or operator of motor vehicle causing injury or damage is unknown," which states in part:

> If the owner or operator of any motor vehicle which causes bodily injury or property damage to the insured is unknown, there is no right of action or recovery under the uninsured motorist provision, unless:
>
> . . . .
>
> (2) the injury or damage was caused by physical contact with the unknown vehicle, or the accident must have been witnessed by someone other than the owner or operator of the insured vehicle; provided however, **the witness must sign an affidavit attesting to the truth of the facts of the accident contained in the affidavit;**
>
> (3) the insured was not negligent in failing to determine the identity of the other vehicle and the driver of the other vehicle at the time of the accident.
>
> The following statement must be prominently displayed on the face of the affidavit provided in item (2) above: A FALSE STATEMENT CONCERNING THE FACTS CONTAINED IN THIS AFFIDAVIT MAY SUBJECT THE PERSON MAKING THE FALSE STATEMENT TO CRIMINAL PENALTIES AS PROVIDED BY LAW.

(Emphasis added). Rice did not file a section 38-77-170(2) affidavit until November 22, 2016. He executed a second section 38-77-170(2) affidavit on September 26, 2017, that was identical to the first—but included two more paragraphs as well as the required language from section 38-77-170 acknowledging a false statement could lead to criminal penalties.

On October 19, 2017, Doe moved for summary judgment and filed a memorandum in support, raising three grounds for summary judgment: 1) Rice's lawsuit was not proper because a section 38-77-170(2) affidavit is a "condition precedent to filing suit" and Rice's first affidavit was not filed until ten months after he commenced his action against Doe; 2) Rice's first affidavit did not comply with section 38-77-170 because it did not include the false statement acknowledgment; and 3) Rice's affidavit contradicted the account of the accident he gave at his deposition. (emphasis omitted).

Judge Roger E. Henderson heard Doe's summary judgment motion. In the April 2018 order that followed, Judge Henderson stated he had reviewed Doe's written and oral arguments. He noted Doe alleged "two deficiencies in the [section 38-77-170(2)] affidavit requirement"—first, Rice did not properly include the false statement statutory language in his affidavit, and second, Rice's affidavit contradicted his deposition testimony. Judge Henderson ruled Rice's September 26, 2017 affidavit met all of the section 38-77-170(2) requirements and was sufficient to preclude dismissal of the lawsuit. Judge Henderson next found the arguably conflicting deposition testimony regarding the cause of the accident raised a fact question for the jury, and therefore, summary judgment was not appropriate.

The case was called to trial on June 20, 2018, in front of Judge Daniel D. Hall. Before trial, Judge Hall heard a motion to dismiss from Doe, who argued an affidavit meeting section 38-77-170(2)'s requirements was a condition precedent to initiating a lawsuit against an unknown no-contact driver. Doe argued strict compliance with the affidavit requirement meant Rice had to file his affidavit when he filed his complaint in January 2016. In response, Rice asserted Doe had raised the argument of the sufficiency of the affidavits at summary judgment and Judge Henderson had ruled Rice had met the section 38-77-170 requirements.

Judge Hall concluded Judge Henderson ruled on whether Rice's affidavits contained sufficient language to comply with section 38-77-170(2) but did not rule on the issue of whether the statute required the affidavit to be filed contemporaneously with the commencement of the lawsuit. Judge Hall then granted Doe's motion to dismiss the case, finding a section 38-77-170(2) affidavit must be filed when the lawsuit was

filed, and because Rice failed to file a section 38-77-170(2) affidavit in January 2016, his lawsuit was not proper. After Rice's Rule 59(e), SCRCP motion for reconsideration was denied, he filed this appeal.

## II. DISCUSSION

On appeal, Rice argues Judge Hall erred in ruling on whether section 38-77-170 required Rice to file his section 38-77-170(2) affidavit contemporaneously with the filing of the suit. Rice asserts this issue was raised in Doe's motion for summary judgment and was ruled on when Judge Henderson denied summary judgment. We agree.

We understand how Judge Hall could have read Judge Henderson's order and concluded the issue of the timeliness of Rice's section 38-77-170(2) affidavit had not been considered and ruled upon. However, upon our review of the record, we find the issue was ruled upon when Judge Henderson denied Doe's motion for summary judgment.

Section I.A of Doe's memorandum in support of his motion for summary judgment raised the same legal argument regarding the contemporaneous filing of a section 38-77-170(2) affidavit that Doe raised to Judge Hall at the June 20, 2018 motion to dismiss hearing. In the order denying summary judgment, Judge Henderson wrote, "After reviewing the written submissions and hearing oral argument, this Court denies Defendant Doe's motion." While Judge Henderson did not discuss Doe's timeliness argument further in the April 13, 2018 order, it was nevertheless ruled upon when Judge Henderson denied summary judgment. *See Spence v. Wingate*, 381 S.C. 487, 489, 674 S.E.2d 169, 170 (2009) (per curiam) (finding while the circuit court did not explicitly reiterate the argument raised by the losing party at summary judgment in its order, the issue was nevertheless ruled upon by a general ruling as to the issue and adoption of the precise argument of the winning party). Notably, Doe did not ask Judge Henderson to reconsider his order or elaborate further on his ruling. Whether section 38-77-170 requires the filing of an affidavit contemporaneously with the commencement of the lawsuit is a purely legal question, and Judge Hall did not have the authority to overrule Judge Henderson's previous rejection of Doe's timeliness argument. *See Neumayer v. Philadelphia Indem. Ins. Co.*, 427 S.C. 261, 265, 831 S.E.2d 406, 408 (2019) ("[T]he interpretation of a statute is a question of law."); *Belton v. State*, 313 S.C. 549, 554, 443 S.E.2d 554, 557 (1994) (holding one judge did not have authority to overrule another judge's order regarding jurisdiction as the question of jurisdiction in the case was "purely a legal one"); *Enoree Baptist Church v. Fletcher*, 287 S.C. 602, 604, 340 S.E.2d 546, 547 (1986) ("One Circuit

Court Judge does not have the authority to set aside the order of another."). Accordingly, we reverse Judge Hall's order dismissing Rice's suit and remand the case for trial.

Because this issue is dispositive of the appeal, it is not necessary for us to consider the issues Rice raises concerning whether Doe had withdrawn his motion or whether equitable tolling applied. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (providing an appellate court need not address remaining issues when resolution of a prior issue is dispositive). We decide this case without oral argument pursuant to Rule 215, SCACR.

**REVERSED AND REMANDED.**

**WILLIAMS, THOMAS, and HILL, JJ., concur.**