# THE STATE OF SOUTH CAROLINA
## In The Court of Appeals

Reggie ("Reg") Keith Wells, Appellant

v.

Vetech, LLC; Vetech Group; Fastube; Process Development Corporation; and James R. Pongracz, individually; Respondents.

Appellate Case No. 2019-001038

Appeal From Greenville County
Perry H. Gravely, Circuit Court Judge

Opinion No. 5937
Submitted April 1, 2022 – Filed August 10, 2022

### AFFIRMED AS MODIFIED

John G. Reckenbeil, of Law Office of John G. Reckenbeil, L.L.C., of Mauldin, for Appellant.

Hannah Rogers Metcalfe, of Metcalfe & Atkinson, LLC, of Greenville, for Respondents.

**HILL, J.:** Reggie K. Wells sued Respondents for unjust enrichment and violation of the South Carolina Wage Payment Act, S.C. Code Ann. §§ 41–10–10 to –110 (2021) (the Act). His claims included a request for treble damages and attorney's fees under the Act, as well as costs. A month after answering Wells' complaint, Respondents filed a Rule 68, SCRCP offer of judgment, offering for Wells to "take judgment for all claims alleged" in the "total amount" of $5,968.89. Wells accepted the offer and, on the same day, filed a motion seeking an award of treble damages,

attorney's fees, and costs under the Act and Rule 54, SCRCP. After a hearing that consisted only of oral argument and submission of exhibits, the trial court denied Wells' motion, ruling in a Form 4 order that "there was no record from which to determine whether attorney's fees and treble damages were appropriate" under the Act. Wells now appeals. Finding no error, we affirm.

## I.

We first consider whether Wells' acceptance of Respondents' offer of judgment "for all claims alleged" foreclosed him from seeking treble damages, attorney's fees, and costs under the Act. Because interpreting offers made under Rule 68 involves construing a contract and a court rule—both questions of law—our review is de novo. We begin with the relevant portion of Rule 68(a), SCRCP:

> Any party in a civil action, except a domestic relations action, may file, no later than twenty days before the trial date, a written offer of judgment signed by the offeror or his attorney, directed to the opposing party, offering to take judgment in the offeror's favor, or to allow judgment to be taken against the offeror for a sum stated therein, or to the effect specified in the offer.

Respondents' offer did more than merely give Wells judgment for a sum stated: in the language of Rule 68, "the effect specified in the offer" was for Wells "to take judgment against [Respondents] for all claims alleged in the above-captioned action in the total amount of $5,968.89." We do not believe the language of the offer of judgment permitted Wells to rationally think he could accept the offer and still hang on to his claim for treble damages and attorney's fees. *See Nordby v. Anchor Hocking Packaging Co.*, 199 F.3d 390, 392 (7th Cir. 1999) (providing there was "no ambiguity" in an offer of judgment that stated "one total sum as to all counts of the amended complaint" because the only thing the offer could mean is "one amount encompassing all the relief sought in the counts," including attorney's fees); *McCain v. Detroit II Auto Fin. Ctr.*, 378 F.3d 561, 565 (6th Cir. 2004) (providing Rule 68 offer of judgment stating it included "all claims and causes of action" precluded later award of fees). Our conclusion might be different if the judgment offered had been only a stated sum, unadorned by any description of what it was for. But to any reasonable reader, the phrase "all claims alleged" encompasses all claims for all available remedies under the Act, including Wells' claims for attorney's fees and treble damages. In interpreting a clear and unambiguous contract, our only role is to determine the parties' meaning and intent as expressed by the words they have used. *Rodarte v. Univ. of S.C.*, 419 S.C. 592, 603, 799 S.E.2d 912, 917–18 (2017);

*see also McCord v. Laurens Cnty. Health Care Sys.*, 429 S.C. 286, 292, 838 S.E.2d 220, 223 (Ct. App. 2020) ("[W]e must enforce the language as written, for it is the objective expression of what the parties meant to agree upon when they made their contract, not the secret, subjective meaning one party later reveals.").

Further, even if one could stir up ambiguity over Respondents' Rule 68 offer, Wells' appeal still stumbles. Our supreme court has likened Rule 68 offers of judgment to settlements and has held they may not be construed as a resolution of the merits. *Belton v. State*, 339 S.C. 71, 74 & n.4, 529 S.E.2d 4, 5 & n.4 (2000). As such, there is no basis enabling a court to declare Respondents violated the Act, a necessary predicate for a discretionary award of attorney's fees per § 41–10–80(c).

*Belton* also answers the question of whether Wells can use the costs mechanism of Rule 54 to achieve what we hold Rule 68 does not permit: recovery of attorney's fees after acceptance of an offer of judgment that states it is for "all claims alleged" yet does not mention attorney's fees. It is true that statutory attorney's fees can be "taxable costs." Rule 54(e)(1), SCRCP ("All sanctions including reasonable attorneys fees, if ordered, imposed upon another party and in favor of the prevailing party under any statute or Rule of Civil Procedure are taxable[.]"). But *Belton* tells us a judgment obtained by Rule 68 is not a merits resolution, which we hold is a necessary precursor to recovery of attorney's fees under § 41–10–80(c) of the Act and, consequently, a precursor to recover them as Rule 54(e)(1) taxable costs in this case. 339 S.C. at 74, 529 S.E.2d at 5.

Our holding honors the plain language and intent behind Rule 68, which exists to encourage settlement and reduce litigation. *Black v. Roche Biomedical Laboratories*, 315 S.C. 223, 227, 433 S.E.2d 21, 24 (Ct. App. 1993); *Marek v. Chesny*, 473 U.S. 1, 6–7 (1985).

We must discuss something further about Wells' attorney's fees request. Wells relies on *Hueble v. Dept. of Nat. Res.*, for the principle that a party accepting an offer of judgment becomes a "prevailing party" entitled to attorney's fees under any statute that permits them. 416 S.C. 220, 785 S.E.2d 441 (2016). This stretches *Hueble* too far; the decision there seems driven by the fact that the attorney's fees derived from the unique fee-shifting mechanism of 42 U.S.C. § 1988, which generally requires a court to award attorney's fees to the prevailing party unless special circumstances exist. *Hueble*, 416 S.C. at 229–31, 785 S.E.2d at 465–66.

## II.

Even if Wells' avenue to seek treble damages and attorney's fees was not closed by his acceptance of the offer of judgment, the trial court correctly declined to award them. A court may only award treble damages, attorney's fees, and costs under the Wage Payment Act if it finds there was no bona fide dispute the wages were owed and the employer withheld them unreasonably and in bad faith. § 41–10–80(c); *Rice v. Multimedia, Inc.*, 318 S.C. 95, 98, 456 S.E.2d 381, 383 (1995). According to Wells, there is no bona fide dispute because the offer of judgment matched the precise amount he claimed was owed. The trial court was not persuaded by this argument, and neither are we.

Respondents may have had many reasons to settle the lawsuit as they did. The fact that the offer of judgment mirrored Wells' demand does not, without more, reflect that Respondents withheld Wells' wages in bad faith or without good reason, and it proves nothing related to recovery of fees under the Act. *Cf. Temple v. Tec-Fab, Inc.*, 381 S.C. 597, 600, 675 S.E.2d 414, 415 (2009) ("A finding that an employee is entitled to recover unpaid wages is not equivalent to a finding that there existed no bona fide dispute as to the employee's entitlement to those wages."). Likewise, the evidence Wells presented of his email exchange with Respondent Vetech's human resources manager does not dispel the existence of a bona fide dispute.

We do, though, agree with Wells that Rule 54, SCRCP, entitled him to recover his $198.73 in costs. We therefore modify the order of the trial court to tax these costs against Respondents.

**AFFIRMED AS MODIFIED.**

**GEATHERS, J., and LOCKEMY, A.J., concur.**