20908

Joan T. COOK, Respondent, v. Guy F. TAYLOR and Sherman Finance Company, Defendants, of whom Guy F. Taylor is Appellant.

(252 S. E. (2d) 923)

*O. Eugene Savedge* and *George J. Morris of Hawkins and Morris,* Charleston, *for appellant.*

*Benjamin Goldberg,* Charleston, *for defendant Sherman Finance Co.*

*Grover C. Seaton, III,* of *Paul and Seaton,* Charleston Heights, *for respondent.*

March 8, 1979.

LITTLEJOHN, Justice:

Joan T. Cook brought this action, asking that a deed executed by her in favor of the defendant, Guy F. Taylor, be set aside, declared null and void, and construed to be a mortgage upon the realty described therein.

The defendant answered and counter-claimed.

Without notice to counsel for the plaintiff, the defendant's attorney procured from Circuit Judge Klyde Robinson an order of reference to the master in equity. Upon learning of the order, counsel for the plaintiff moved before Circuit Judge Paul M. Moore to set aside the order of reference, ". . . on the ground that there are legitimate issues for determination by a jury." The motion came to be heard before Judge Moore, resulting in his order vacating the order of Judge Robinson; he then directed that the case be placed on the jury docket for trial.

Defendant Taylor has appealed, submitting two questions, as taken from his printed brief:

(1) "Whether One Circuit Court Judge Can Vacate An Order Of Reference Made By Another Circuit Court Judge?"
and

(2) "Whether The Pleadings Herein Stated An Equitable Cause Of Action And Requested Equitable Relief, Thereby Requiring The Reference To The Master In Equity?"

The order of Judge Moore amounted to a review by him of the order of another circuit judge (Judge Robinson) and a reversal of the order of Judge Robinson because Judge Moore disagreed as to the proper mode of trial. Judge Moore did not have the power to set aside the order of his predecessor, *Steele v. Charlotte, C & A R Co.*, 14 S. C. 324 (1879); *Cudd v. Williams*, 39 S. C. 452, 18 S. E. 3 (1893); *State v. Harrelson*, 211 S. C. 11, 43 S. E. (2d) 593 (1947); *Dukes & Dukes, Inc. v. Hygrade Food Products Corp.*, 236 S. C. 69, 113 S. E. (2d) 254 (1960); *Ex Parte State*, 263 S. C. 363, 210 S. E. (2d) 600 (1974), and his order must be set aside. See Rule 60 of the Circuit Court Rules.

A review of the record convinces us that the second question must also be decided in favor of the appellant. The case is triable in equity.

Reversed.

Lewis, C. J., and Ness, Rhodes and Gregory, JJ., concur.