21848

ROSAMOND ENTERPRISES, INC., Respondent, v. Lawrence E. McGRANAHAN, III and Bonnie Lou McGranahan, Appellants.
(299 S. E. (2d) 337)

*Kenneth C. Porter,* Greenville, *for appellants.*

*William D. Richardson,* Greenville, *for respondent.*

Jan. 6, 1983.

*Per Curiam:*

This is an appeal from a jury verdict of $52,700.00 in an action to foreclose on a mechanic's lien.

The respondent company, Rosamond Enterprises, Inc., contracted to build a house for appellants on a cost-plus basis. Prior to completion of the job, Alvin Rosamond, company president, died. His wife and son took over the business, completed construction on the house, and demanded payment. Having paid the company $46,500.00, appellants refused to pay an additional amount allegedly due.

During trial, the company record book, kept by Mrs. Rosamond, was admitted into evidence over appellants' objection under the business records hearsay exception. Mrs. Rosamond was allowed to testify concerning the contents of a notation therein which had been made by her husband indicating the amount due on appellants' contract.

Appellants now contend the record book should not have been admitted into evidence without removal of the deceased's notation. Counsel's objection to the admissibility of the record book was based upon another ground and does not preserve this question for appeal. *Beck v. Gibson*, 268 S. C. 627, 235 S. E. (2d) 716 (1977).

At one point counsel indicated an objection to questions concerning the writing itself, but later expressly withdrew that objection. Shortly thereafter, he failed to object when Mrs. Rosamond was allowed to publish the contents of the writing. Any objection to that testimony cannot be raised for the first time on review, nor can it be heard on appeal when it is not properly raised by an exception. *Murphy v. Hagan*, 275 S. C. 334, 271 S. E. (2d) 311 (1980).

Because the only issue briefed on appeal is not properly before this Court, we dismiss the appeal.

Dismissed.