22064

The STATE, Appellant, v. Richard MILLS, Respondent.
(314 S. E. (2d) 324)

Supreme Court

*Aubrey R. Alvey, Asst. Sol.*, Moncks Corner, *Charles Molony Condon, Sol.*, Charleston, *for appellant.*

*William L. Runyon, Jr.*, Charleston, *for respondent.*

Heard Feb. 9, 1984.

Decided March 22, 1984.

LITTLEJOHN, Justice:

A criminal indictment charging Richard Mills (Respondent) with violation of Section 20-7-50 of the Code of Laws of South Carolina (1976) was dismissed on the grounds of double jeopardy and collateral estoppel. This code section makes it unlawful for a legal custodian to neglect a child or helpless person. The State has appealed. We reverse and remand.

In June of 1982, both the Respondent and his wife were tried under an indictment for murder of their infant daughter. The trial judge directed a verdict of not guilty on the murder charge but submitted the lesser included offense of voluntary manslaughter to the jury. When the jury failed to agree after seven hours of deliberation, the judge declared a mistrial.

About a month later in July of 1982, both the Respondent and his wife were indicted for murder and additionally for a violation of the child neglect statute. The charges arose from the same facts involved in the case mistried.

In January of 1983, the murder indictment was withdrawn and both parties were indicted for voluntary manslaughter. In March 1983, Richard Mills alone was ordered to trial on the child neglect charge. The State agreed to dismiss the indictment against Mrs. Mills. After the jury was sworn, counsel for the Respondent moved to dismiss the indictment on the grounds of double jeopardy and collateral estoppel. It is from

the granting of this motion that the appeal comes to this court.

The State and the Respondent agree that voluntary manslaughter is no longer an issue. This opinion addresses only the right of the State to try the Respondent for neglect of a child under Section 20-7-50.

We hold that the Respondent can find no comfort in either the law of double jeopardy or collateral estoppel. The judge directed a verdict on the murder charge. Obviously, double jeopardy does apply insofar as a murder count is concerned. The Respondent has as a matter of law been found not guilty of murder. The jury was unable to agree on whether the Respondent was or was not guilty of voluntary manslaughter. He has been neither convicted nor acquitted of voluntary manslaughter or of any other offense.* There can be no serious contention but that this Respondent could be tried again for voluntary manslaughter. Such a trial could be based on the same facts. By like token, he may be tried for a violation of the child neglect statute growing out of the same factual circumstances.

When a mistrial occurs because of the inability of a jury to agree on a verdict, it is the same as if no trial took place. The law of double jeopardy and collateral estoppel is applied because of what we often refer to as "fundamental fairness." Since the Respondent could be again tried for voluntary manslaughter, it cannot be argued that it is fundamentally unfair for the State to charge and try him for a much lesser offense. This is true whether the lesser offense is or is not a lesser included offense. The ruling of the lower court is inconsistent with our cases of *State v. Gaskins,* 263 S. C. 343, 210 S. E. (2d) 590 (1974) and *State v. Bilton,* 156 S. C. 324, 153 S. E. 269 (1930). The cases of *Ashe v. Swenson,* 397 U. S. 436, 90 S. Ct. 1189, 25 L. Ed. (2d) 469 (1970) and *Illinois v. Vitale,* 447 U. S. 410, 100 S. Ct. 2260, 65 L. Ed. (2d) 228 (1980), relied upon by counsel for the Respondent are not applicable.

It follows that the additional sustaining grounds submitting that the appeal is moot because the Respondent was exposed to jeopardy is without merit.

Trial court is reversed and case is remanded for trial.

---

* Except murder.

Reversed and remanded.

Lewis, C. J., and Ness, Gregory and Harwell, JJ., concur.