22479

ENOREE BAPTIST CHURCH, Appellant v. James FLETCHER, Trading as Fletcher Construction Company, and Progressive Builders, Inc., Respondents.

(340 S. E. (2d) 546)

Supreme Court

*Clifford E. Gaddy, Jr.* of *Gaddy & Davenport*, Greenville, *for appellant.*

*James H. Cassidy* of *Robertson & Cassidy,* and *Harry A. Chapman, Jr.* of *Marchbanks, Chapman & Harter,* Greenville, *for respondents.*

Heard Nov. 20, 1985.

Decided Feb. 25, 1986.

GREGORY, Justice:

Appellant Enoree Baptist Church (the Church) commenced this action against respondents, alleging breach of contract, misrepresentation and fraud. The cause of action for fraud was submitted to the jury. The Church was awarded $500.00 in damages. This appeal followed. We reverse and remand for a new trial.

On October 7, 1983, a pre-trial conference was held before the Honorable C. Victor Pyle. Both parties stated they were ready for trial. On October 31, the Church filed an amended complaint. Prior to trial on November 15th, the Honorable Luke N. Brown, Jr. granted appellant's motion to allow the amended complaint over respondents' objections. This trial ended in a mistrial.

Thereafter, the case came for retrial before Judge Pyle. Prior to this second trial, the following exchange took place:

> MR. GADDY: ... We're going to proceed on an amended complaint which was allowed in the previous case.
> THE COURT: Well, is there any question concerning the amended complaint? If the case was mistried, then you're back to ground zero. Is there any question —
> MR. GADDY: Well, the amended complaint, Your Honor, was — is in writing. I mean it was not something that was verbally amended. It was in writing and was served prior to trial.
> MR. CASSIDY: Your Honor, ... we reassert our objection to the amendment at this time.
> MR. GADDY: Your Honor, the amendments to the complaint had to do only with damages. ...
> THE COURT: So your amendment comes too late and I deny your amended complaint. ...

This case was then tried under the original complaint.

The church contends Judge Pyle violated Circuit Court Rule 60 when he disallowed the amended complaint after

Judge Brown had earlier permitted the amended complaint. We agree.

One Circuit Court Judge does not have the authority to set aside the order of another. Circuit Court Rule 60;[1] *Cook v. Taylor*, 272 S. C. 536, 252 S. E. (2d) 923 (1979). The effect of Judge Pyle's order was to reverse the earlier substantive[2] order, clearly an impermissible act.[3]

Since the case is being remanded for a new trial under the amended complaint, it is unnecessary to address appellant's remaining exceptions. The judgment of the lower court is reversed, and the case is remanded for a new trial.

Reversed and remanded.

HARWELL, CHANDLER and FINNEY, JJ., concur.

NESS, C. J., dissenting in separate opinion.

NESS, Chief Justice, (dissenting):

I respectfully dissent. At the second trial, appellant Enoree Baptist Church attempted to proceed on an amended complaint. When respondents objected, the Church argued the amended complaint was proper because it had been served prior to the second trial. The church did not object to the exclusion of the amended complaint on the grounds that one circuit judge does not have the authority to overrule another circuit judge. An appellant may not argue a different ground for reversal on appeal than he argued in his objection at trial. *Rosamond Enterprises, Inc. v. McGranahan*, 278 S. C. 512, 299 S. E. (2d) 337 (1983). Reversal on a ground not raised at trial is improper. It is not the function of an appellate court to supply a ground for reversal. *Shayne of Miami, Inc. v. Greybow, Inc.*, 232 S. C. 161, 101 S. E. (2d) 486 (1957).

Moreover, a mistrial leaves the parties in the position they were prior to trial, with no binding adjudications having occurred. *Keels v. Powell*, et al., 213 S. C. 570, 50 S. E. (2d)

[1] This case was tried and appealed prior to July 1, 1985.

[2] Respondent argues *State v. Mills*, 281 S. C. 60, 314 S. E. (2d) 324 (1984) which is inapplicable.

[3] Assuming *arguendo* that Judge Pyle had the authority to disallow the amended complaint, such would have constituted a clear abuse of discretion since the amendment related only to damages and respondents had ample notice of its contents.

704 (1948); *Floyd v. Page*, 124 S. C. 400, 117 S. E. 409 (1923). A mistrial is the equivalent of no trial, and the status of the parties and the litigation became the same as if no trial had taken place. *Grooms v. Zander*, 246 S. C. 512, 144 S. E. (2d) 909 (1965).

The record reflects the motion to amend was made at the commencement of the first trial. The granting of a mistrial therefore rendered the ruling a nullity. In the second trial, the judge properly proceeded as if no prior rulings had been made.

I would affirm.