552 S.E.2d 765

**LouAnne Fiddes KOCAYA, Respondent,**

v.

**David Joseph KOCAYA, Appellant.**

**No. 3368.**

Court of Appeals of South Carolina.

Submitted June 4, 2001.

Decided July 9, 2001.

---

David Joseph Kocaya, pro se, of Ridgeland, for appellant.

LouAnne Fiddes Kocaya, pro se, of Myrtle Beach, for respondent.

28

GOOLSBY, Judge.

David Joseph Kocaya, a prisoner held within the Ridgeland Correctional Institution in Ridgeland, South Carolina, appeals the family court's denial of his request for an order of transportation requiring the South Carolina Department of Corrections to transport him from Jasper County to Horry County so that he could attend the final hearing in the divorce action that he had brought against his wife LouAnne Fiddes Kocaya. We reverse and remand.[1]

## FACTS

Kocaya, acting *pro se*, filed the complaint in this action on October 12, 1999. By his complaint, he seeks a divorce from his wife on the ground of separation for a period of one year. Soon after filing the complaint, the family court coordinator advised Kocaya that he would "need to submit an order of transportation for the judge's signature" in advance of the date that the court set for the final hearing "[i]f you are still incarcerated." Several months later, the family court coordinator served notice on Kocaya that the family court would hold a final hearing on April 3, 2000. A letter from the family court coordinator suggested that Kocaya, who was still incarcerated, send her a proposed order of transportation and she would "in turn have the [o]rder ... signed and sent to the [i]nstitution." When forwarded Kocaya's proposed order and his request that the family court sign it, the family court denied Kocaya's request, telling him in a letter dated March 28, 2000:

Please be advised there is no requirement that the South Carolina Department of Corrections be responsible for the transportation of [a] plaintiff who is incarcerated for an appearance at a final hearing and that I therefore respectfully decline to execute your [proposed] [o]rder of [t]ransport.

If you will be released prior to your case being struck from the docket under the 270–day rule you may request a final

---

1. Because oral argument would not aid the court in resolving the issues on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.

hearing through the [f]amily [c]ourt [c]oordinator to coordinate with your release date.

■ Kocaya was not released prior to the expiration of 270 days from October 12, 1999, the date he filed his complaint. In fact, he remains incarcerated within the Ridgeland facility. Presumably, the family court dismissed his action because it was not brought to trial within 270 days from the date of filing.[2]

## LAW/ANALYSIS

■ Kocaya appeals, contending that the family court erred in refusing to order him transported from prison to the family court so that he could prosecute his divorce action. We agree in this instance.

■ It is fundamental that "[p]risoners have a constitutional right of access to the courts."[3] The family court's refusal to order Kocaya brought to Horry County denied him this right of access.

■ Although no statute expressly requires the Department of Corrections to transport prisoners to courts for them to prosecute civil actions, the Department's director is responsible for the "proper care ... and management of the prisoners confined" within the prison system.[4] These responsibilities include, we think, the duty to transport a prisoner to court, whether criminal or civil, when directed to do so by court order.

■ In South Carolina, a family court is not without authority to order a prisoner transported from the prisoner's place of confinement to the family court to prosecute a bona fide

---

2. FC ADMIN–5 (S.C. Sup.Ct. filed June 5, 1992). We deem the family court's denial of Kocaya's request for an order of transportation appealable because it affects a substantial right and, when combined with the 270–day rule, serves to discontinue the action. *See* S.C.Code Ann. § 14–3–330(2) (1976 & 2000); Jean Hoefer Toal, et al., *Appellate Practice in South Carolina* 94 (1999).

3. *Bounds v. Smith*, 430 U.S. 817, 821, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); *see also* 72 C.J.S. *Prisons* § 106 (1987).

4. S.C.Code Ann. § 24–1–130 (Supp.2000).

domestic action. South Carolina Code sections 20–7–420(28) and (29) give the family court that authority when it empowers the family court "[to] send process and any other mandates in any matter in which it has jurisdiction into any county of the State for service or execution" and "[t]o compel the attendance of witnesses." [5]

We therefore hold that the family court erred in refusing to order Kocaya transported from Jasper County to Horry County to attend the final hearing on his action for divorce where it failed to consider other alternatives for providing Kocaya meaningful access to the court. The effect of the family court's refusal in this instance, when coupled with the 270–day rule, was to deny a prisoner, a party to a bona fide civil action, meaningful access to this State's courts to prosecute the action.[6] Kocaya's action is reinstated and the order from which he took this appeal is

**REVERSED AND REMANDED.**

CONNOR and HUFF, JJ., concur.

---

5. S.C.Code Ann. §§ 20–7–420(28) and (29) (1985 & Supp.2000).

6. *See Wantuch v. Davis,* 32 Cal.App.4th 786, 39 Cal.Rptr.2d 47 (1995) (outlining methods a court could use to secure a prisoner access to the courts, including having the prisoner transferred to the court).