688 S.E.2d 130

**DEPARTMENT OF SOCIAL SERVICES, Respondent,**

v.

**LAURA D. and Jerome C., Defendants,**

**Of Whom Laura D. is the Appellant.**

**In the Interests of Carmen C., a minor child under the age of 18.**

No. 4634.

Court of Appeals of South Carolina.

Submitted Nov. 2, 2009.

Decided Dec. 3, 2009.

Rehearing Denied Jan. 25, 2010.

William S.F. Freeman, of Greenville, for Appellant.

Robert C. Rhoden, III, of Spartanburg, for Respondent.

Sean Giovannetti, of Boiling Springs, for Guardian Ad Litem.

PER CURIAM.

Laura D. (Mother), an inmate at the Camille Griffin Graham Correctional Institution, appeals the family court's denial of her motion for a continuance when the Department of Corrections (the Department) failed to transport Mother to a judicial review hearing despite a court order finding Mother was a "necessary and proper party." We reverse and remand.

## FACTS

On April 27, 2007, Mother and Carmen C. (Child), then two years and four months old, tested positive for cocaine. According to the guardian ad litem (GAL), Child ingested drugs that Mother had purchased. As a result, Child was taken into emergency protective custody, and on May 9, 2007, the family court granted the Department of Social Services (DSS) custody of Child. Thereafter, Mother stipulated, without admission, that she physically neglected Child, and therefore, Child had been abused or neglected. On October 2, 2007, the family court issued a removal order and ordered Mother complete a treatment plan. Previously, findings were made against Jerome C. (Father), and he was ordered to complete a treatment plan as well. The family court's order deferred deciding permanency planning and the issue of Mother's payment of child support.

On January 8, 2008, the family court held a hearing and found Father had substantially complied with his treatment plan, but Mother had not. As a result, the family court issued an order for permanency planning, placing Child in Father's custody. The family court stated Father's custody of Child shall not affect Mother's ability to complete her treatment plan, and it ordered DSS to continue supervising visits between Mother and Child. A judicial review was scheduled for six months following Father's taking custody of Child.

Subsequently, Mother was incarcerated. As a result, the family court ordered the Department to transport Mother to the June 27, 2008 judicial review hearing because Mother was a "necessary and proper party." Although the order of transport was faxed to the Department, the Department failed to transport Mother to the hearing. When the hearing began, Mother's counsel moved for a continuance, arguing: "I hate for this hearing to proceed without [Mother] through no fault of her own, and, in fact, despite the court order is not present." The family court responded:

Well, I want to respond to your statement that she is not here, that it's not her fault that she is not. She did get herself put in prison. So to the extent that she is not able

to physically move about as she would like to, she is responsible for that.

Subsequently, the family court denied her motion.[1]

The family court then issued a written order finding Mother responsible for the fact that she was not present at the hearing through her own criminal actions, and ordered Child to remain in Father's custody. Additionally, the family court stated Father was responsible for arranging and supervising Mother's visitation with Child, and that visitation should not occur at Mother's or Father's residence. Lastly, the family court closed the case, stating should Mother wish to seek custody of Child in the future, Mother must file a private action with the family court. This appeal followed.

## LAW/ANALYSIS

■ Mother appeals, arguing she was deprived of meaningful access to the court when the Department failed to transport Mother to the hearing as ordered by the family court and the family court denied Mother's motion for a continuance. We agree.

■ Rule 40 of the South Carolina Rules of Civil Procedure provides "[i]f good and sufficient cause for continuance is shown, the continuance may be granted by the court." The grant or denial of a continuance is within the sound discretion of the family court and its ruling will not be reversed on appeal absent an abuse of discretion. *S.C. Dep't of Soc. Servs. v. Broome*, 307 S.C. 48, 51, 413 S.E.2d 835, 838 (1992). Whether a family court abuses its discretion depends upon the facts before it at the time. *Grant v. Grant*, 288 S.C. 86, 89, 340 S.E.2d 791, 793 (Ct.App.1986). The denial of a motion for a continuance "will not be upset unless it clearly appears that there was an abuse of discretion to the prejudice of appellant." *Williams v. Bordon's, Inc.*, 274 S.C. 275, 279, 262 S.E.2d 881, 883 (1980). "It is fundamental that '[p]risoners have a constitutional right of access to the courts.'" *Kocaya v. Kocaya*, 347 S.C. 26, 29, 552 S.E.2d 765, 767 (Ct.App.2001) (quoting *Bounds v. Smith*, 430 U.S. 817, 821, 97 S.Ct. 1491, 52 L.Ed.2d 72

---

1. Judge Georgia V. Anderson issued the order of transport, and Judge Robert E. Guess presided over the judicial review hearing.

(1977)). In *Kocaya*, this court recognized that while no statute expressly requires the Department to transport prisoners to court under section 24–1–130 of the South Carolina Code, the Department's director is responsible for the "proper care ... and management of the prisoners confined" within the prison system. 347 S.C. at 29, 552 S.E.2d at 767. The *Kocaya* court concluded the director's responsibilities include a duty to transport a prisoner to court, criminal or civil, when so directed by a court order. *Id.*

The family court has the authority to order a prisoner transported from the prisoner's place of confinement to the family court. *Id.* at 30, 552 S.E.2d at 767. The family court is statutorily authorized "[to] send process and any other mandates in any matter in which it has jurisdiction into any county of the State for service or execution" and "[t]o compel the attendance of witnesses." S.C.Code Ann. § 63–3–530(28) & (29) (2008). Further, one family court judge may not ignore an order of another family court judge. *See Cook v. Taylor,* 272 S.C. 536, 538, 252 S.E.2d 923, 924 (1979) (finding when one circuit court judge vacates an order of reference by another circuit judge this amounts to a review of the order of another circuit judge and the second judge does not have the power to set aside the order of another judge); *see also Enoree Baptist Church v. Fletcher,* 287 S.C. 602, 603, 340 S.E.2d 546, 547 (1986) (finding a circuit court judge cannot deny the use of an amended complaint in light of an order of another circuit court judge that permitted use of the amended complaint).

We hold the family court erred in denying Mother's motion for a continuance because Judge Anderson ordered Mother be transported to the hearing. The family court's reliance on Mother's incarceration preventing her from being present at the hearing is misplaced; Mother was entitled to be present at the hearing under Judge Anderson's order of transport. Mother would have been present at the hearing but for the Department's failure to transport Mother. The effect of the family court's refusal to grant Mother's motion for a continuance denied Mother, a necessary and proper party, meaningful access to this State's courts. Therefore, we reverse the family

court's order and remand the matter for another judicial review hearing with Mother present.

**REVERSED AND REMANDED.**