**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Thomas Raynes Marett, Appellant.

Appellate Case No. 2015-002407

Appeal From Spartanburg County
J. Derham Cole, Circuit Court Judge

Unpublished Opinion No. 2017-UP-176
Submitted February 1, 2017 – Filed April 19, 2017

**AFFIRMED**

Appellate Defender Lara Mary Caudy, of Columbia, for Appellant.

Matthew C. Buchanan, of the South Carolina Department of Probation, Parole and Pardon Services, of Columbia, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Shirley's Iron Works, Inc. v. City of Union*, 403 S.C. 560, 573, 743 S.E.2d 778, 785 (2013) ("An unappealed ruling is the law of the case and requires affirmance."); *Judy v. Martin*, 381 S.C. 455, 458, 674 S.E.2d 151, 153 (2009)

("Under the law-of-the-case doctrine, a party is precluded from relitigating, after an appeal, matters that were either not raised on appeal, but should have been, or raised on appeal, but expressly rejected by the appellate court."); *Dreher v. S.C. Dep't of Health & Envtl. Control*, 412 S.C. 244, 250, 772 S.E.2d 505, 508 (2015) ("[S]hould the appealing party fail to raise all of the grounds upon which a [trial] court's decision was based, those unappealed findings—whether correct or not—become the law of the case.").[1]

**AFFIRMED.**[2]

**LOCKEMY, C.J., and HUFF and THOMAS, JJ., concur.**

---

[1] We further note the probation court did not err because it would have been improper for the probation court to order a hearing to determine the validity of the trial court's order of restitution because one trial court does not have the power to reverse an order of another trial court. *See Cook v. Taylor,* 272 S.C. 536, 538, 252 S.E.2d 923, 924 (1979) (reversing the appealed order because it "amounted to a review by [the issuing trial court] of the order of another [trial court]"); *Frampton v. S.C. Dep't of Transp.,* 406 S.C. 377, 386, 752 S.E.2d 269, 274 (Ct. App. 2013) (holding a pretrial court order from one trial court denying a request for a non-jury trial could not be overturned by another trial court who eventually tried the case).
[2] We decide this case without oral argument pursuant to Rule 215, SCACR.