**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

In the Interest of Robert T., a Juvenile Under the Age of Seventeen, Appellant.

Appellate Case No. 2015-002030

———————————

Appeal From Horry County
James A. Spruill, III, Family Court Judge

———————————

Unpublished Opinion No. 2018-UP-095
Submitted January 1, 2018 – Filed February 28, 2018

———————————

**AFFIRMED**

———————————

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Vann Henry Gunter, Jr., both of Columbia, for Respondent.

———————————

**PER CURIAM:** Robert T. (Appellant) appeals the family court's order requiring him to register as a sex offender. Appellant argues (1) the family court lacked subject matter jurisdiction to place him on the sex offender registry after he turned eighteen years old and (2) the family court's order violated the prior family court order, which provided the issue of sex offender registration would be addressed at a review hearing to be held prior to Appellant's eighteenth birthday. We affirm.

1.  The family court had subject matter jurisdiction to place Appellant on the sex offender registry.  *See Bardoon Props., NV v. Eidolon Corp.*, 326 S.C. 166, 169, 485 S.E.2d 371, 372 (1997) ("Subject matter jurisdiction refers to the court's power to hear and determine cases of the general class to which the proceedings in question belong.").  The family court initially acquired subject matter jurisdiction in 2013 when the State filed a petition in the family court, alleging Appellant committed first-degree criminal sexual conduct with a minor.  *See* S.C. Code Ann. § 63-3-510(A)(1)(d) (2010) ("Except as otherwise provided herein, the [family] court shall have exclusive original jurisdiction and shall be the sole court for initiating [an] action[] [c]oncerning any child living or found within the geographical limits of its jurisdiction . . . who is alleged to have violated or attempted to violate any state or local law . . . .").  The family court adjudicated Appellant delinquent and ordered him committed to the Department of Juvenile Justice (DJJ).  The family court's jurisdiction did not terminate after Appellant turned eighteen.  *See* S.C. Code Ann. § 63-3-510(B) (2010) ("Whenever the [family] court has acquired the jurisdiction of any child under seventeen years of age, jurisdiction continues so long as, in the judgment of the court, it may be necessary to retain jurisdiction for the correction or education of the child, but jurisdiction shall terminate when the child attains the age of twenty-one years.").  Although section 63-3-510(B) provides that the term of probation for children adjudicated delinquent and placed on probation must expire before the child turns eighteen, Appellant was never placed on probation.  The document authorizing Appellant's move from DJJ to Generations Group Home provides Appellant was "transferred" to the group home.  Further, DJJ's record custodian's affidavit indicated there was no record of Appellant being released on probation.

2.  The family court did not violate the prior family court order by holding a hearing on the issue of sex offender registration after Appellant turned eighteen.[1]  Although Appellant is correct South Carolina has a long standing rule that one judge may not overrule another judge of the same court,[2] here, the family court did not overrule the prior order.  In fact, the family court held the review hearing on

---

[1] Our record indicates the family court held the hearing after Appellant turned eighteen due to Appellant's lack of progress in his treatment.

[2] *See Cook v. Taylor*, 272 S.C. 536, 538, 252 S.E.2d 923, 924 (1979) (holding a judge did not have the power to set aside the order of his predecessor); *Dorchester Cty. Dep't of Soc. Servs. v. Miller*, 324 S.C. 445, 457, 477 S.E.2d 476, 483 (Ct. App. 1996) ("There is a long standing rule in South Carolina that one judge may not overrule another judge of the same court.").

the sex offender registry issue pursuant to the prior ruling, which held the registry issue in abeyance and provided that a review hearing would be held if needed.

**AFFIRMED.**[3]

**SHORT, KONDUROS, and GEATHERS, JJ., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.