**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Henry Lee Bradley, Appellant,

v.

South Carolina Department of Corrections, Respondent.

Appellate Case No. 2020-001332

Appeal From Richland County
R. Keith Kelly, Circuit Court Judge

Unpublished Opinion No. 2023-UP-361
Submitted September 1, 2023 – Filed November 8, 2023

**REVERSED AND REMANDED**

Henry Lee Bradley, pro se.

Damon Christian Wlodarczyk, of Riley Pope & Laney,
LLC, of Columbia, for Respondent.

**PER CURIAM:**  Henry Lee Bradley appeals the grant of summary judgment to the South Carolina Department of Corrections (SCDC) in an action he filed pursuant to the South Carolina Tort Claims Act (SCTCA).[1]  On appeal, Bradley

---

[1] *See* S.C. Code Ann. §§ 15-78-10 to -220 (2005 & Supp. 2022).

argues (1) SCDC, along with correctional officers Sharonda Sutton, Gregory Washington, and Barbara Blunt, were grossly negligent in failing to prevent the incident that led to his lawsuit and (2) the circuit court improperly found his claim was barred by the statute of limitations. We reverse and remand.

**FACTS**

On May 26, 2013, Bradley, an inmate at the Broad River Correctional Institution, was assaulted and stabbed by fellow inmates. On May 18, 2015, eight days before the statute of limitations expired, Bradley filed a lawsuit against SCDC, Sutton, Washington, Blunt, and four inmates, alleging SCDC and its employees were grossly negligent in failing to protect him. SCDC, Sutton, Washington, and Blunt answered, raising the affirmative defenses of insufficient service of process, lack of personal jurisdiction, and dismissal of the employee defendants under the SCTCA. They also filed a motion to dismiss, additionally arguing the expiration of the statute of limitations barred the action.

On July 22, 2016, the Honorable Judge L. Casey Manning filed an order dismissing SCDC from the lawsuit for lack of service and lack of personal jurisdiction, finding that although Bradley served SCDC, he failed to properly serve a copy of the summons and complaint on the South Carolina Attorney General's Office as required by Rule 4(d)(5) of the South Carolina Rules of Civil Procedure. Based on his finding that Sutton, Washington, and Blunt were SCDC employees at the time of the incident, Judge Manning dismissed them from the lawsuit as well, pursuant to the SCTCA.[2] The dismissals were without prejudice. Bradley did not appeal Judge Manning's order of dismissal.

After the statute of limitations had expired, Bradley filed a new complaint against SCDC, which is the subject of this appeal. In the new complaint, Bradley alleged essentially the same claims he raised in his earlier action. SCDC filed a motion to dismiss based on the expiration of the statute of limitations. The Honorable Jean H. Toal denied the motion in a Form 4 order filed April 6, 2017, stating the following in a handwritten note:

> [SCDC]'s Motion to Dismiss is denied on the basis that
> Plaintiff intended to Amend his Complaint *in accord*

---

[2] S.C. Code Ann. § 15-78-70(c) (2005) (requiring a plaintiff to sue the agency for which an employee works rather than suing the employee directly).

> with Judge Manning's ruling in 2015CP403008 (original complaint). Instead he brought a new case. This matter is the very same case as 2015CP403008, which has not been dismissed with prejudice. *I regard the new suit as an amendment of the older*.

(emphasis added).

SCDC moved for summary judgment, again arguing the statute of limitations had expired and additionally arguing no facts supported equitable tolling. Bradley responded, arguing, *inter alia*, SCDC could not raise the statute of limitations as a defense because that argument had already been decided by Judge Toal, who deemed his second complaint an amendment of his first complaint.

Following a hearing, the Honorable R. Keith Kelly granted summary judgment to SCDC. Judge Kelly ruled the statute of limitations was not equitably tolled; thus, Bradley's claims were time-barred. He also found he did not need to address Bradley's claims regarding gross negligence based on his ruling on the expiration of the statute of limitations; accordingly, as to the merits of the gross negligence claim, he denied SCDC's motion for summary judgment *without prejudice*. Judge Kelly did not rule on Bradley's argument regarding the effect of Judge Toal's order. In his motion to reconsider, Bradley argued Judge Toal's order precluded Judge Kelly from granting SCDC's motion based on the expiration of the statute of limitations. This appeal followed.

## STANDARD OF REVIEW

"Summary judgment is appropriate when a plaintiff does not commence an action within the applicable statute of limitations." *McMaster v. Dewitt*, 411 S.C. 138, 143, 767 S.E.2d 451, 453 (Ct. App. 2014). "Rule 56(c) of the South Carolina Rules of Civil Procedure provides that a trial court may grant a motion for summary judgment only 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Hooper v. Ebenezer Senior Servs. & Rehab. Ctr.*, 386 S.C. 108, 114, 687 S.E.2d 29, 32 (2009) (quoting Rule 56(c), SCRCP). "An appellate court reviews the granting of summary judgment under the same standard applied by the trial court under Rule 56(c), SCRCP." *Id.* "When determining if any triable issues of fact exist, the evidence and all reasonable inferences must be viewed in the light most favorable to the non-moving party." *Callawassie Island*

*Members Club, Inc. v. Martin*, 437 S.C. 148, 157, 877 S.E.2d 341, 345 (2022) (quoting *Fleming v. Rose*, 350 S.C. 488, 493–94, 567 S.E.2d 857, 860 (2002)).

## LAW/ANALYSIS

### A.     Statute of Limitations

Bradley argues Judge Kelly erred when he ruled Bradley's action was barred by the statute of limitations because it is impermissible for one circuit court judge to disregard a previous order of another circuit court judge. We agree.[3]

"One Circuit Court Judge does not have the authority to set aside the order of another." *Enoree Baptist Church v. Fletcher*, 287 S.C. 602, 604, 340 S.E.2d 546, 547 (1986). "[A] circuit court judge cannot deny the use of an amended complaint in light of an order of another circuit judge that permitted use of the amended complaint." *Brandt v. Gooding*, 368 S.C. 618, 625, 630 S.E.2d 259, 262–63 (2006); *see Enoree Baptist Church*, 287 S.C. at 604, 340 S.E.2d at 547 (citing former Circuit Court Rule 60 and finding error where the effect of a circuit court judge's order was to reverse an earlier circuit court judge's order); *Cook v. Taylor*, 272 S.C. 536, 538, 252 S.E.2d 923, 924 (1979) (finding a circuit court judge, who disagreed as to the proper mode of trial and reversed a previous order of another circuit court judge referring a case to the master, did not have the power to set aside the order of his predecessor); *id.* (setting aside the second order and citing former Circuit Court Rule 60); *Binkley v. Burry*, 352 S.C. 286, 295, 573 S.E.2d 838, 843 (Ct. App. 2002) ("Generally, one circuit court judge may not reverse or modify the order of another circuit court judge.").

We read Judge Toal's order as allowing relation back because the issue before her was a motion to dismiss due to the expiration of the statute of limitations.[4] She denied the motion to dismiss, finding the filing was an amendment. Implied in her ruling is relation back of the amendment—otherwise, the statute of limitations would have expired. *See State ex rel. Medlock v. Love Shop, Ltd.*, 286 S.C. 486,

---

[3] Because we find this issue dispositive, we first address Bradley's second issue.
[4] *See* Rule 15, SCRCP (governing amended and supplemental pleadings and providing that "[w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleadings, the amendment relates back to the date of the original pleading").

488, 334 S.E.2d 528, 529–30 (Ct. App. 1985) (finding error when one circuit court judge entered a finding on an issue that a prior circuit court judge "necessarily found").  Here, as Judge Toal noted in her order, "[t]his matter is the very same case."  We find Judge Kelly erred in disregarding Judge Toal's order allowing relation back of the filing as an amendment.  Thus, we reverse and remand.

## B.    Gross Negligence

Bradley also raises the merits of the gross negligence allegation.  Because Judge Kelly denied summary judgment on Bradley's gross negligence claim, we find the issue not directly appealable.  *See Bank of N.Y. v. Sumter County*, 387 S.C. 147, 154, 691 S.E.2d 473, 477 (2010) ("[A]n order denying summary judgment is never reviewable on appeal.").

## CONCLUSION

Based on the foregoing, the order on appeal is

**REVERSED AND REMANDED.**[5]

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**

---

[5] We decide this case without oral argument pursuant to Rule 215, SCACR.